**Don E. JENNINGS, Plaintiff-Appellant,**

v.

**The MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT et al., Defendants-Appellees.**

**No. 71–2222.**

United States Court of Appeals, Fifth Circuit.

Dec. 21, 1971.

York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Thomas C. Hogan, Meridian, Miss., for plaintiff-appellant.

William B. Compton, Meridian, Miss., for defendants-appellees.

Before MORGAN and CLARK, Circuit Judges, and RUBIN,* District Judge.

PER CURIAM:

Appellant Jennings, a Negro school teacher, filed this action for a mandatory injunction, seeking to require defendant Trustees of the Meridian Municipal Separate School District to grant him a new contract as a science teacher in the Northwest Junior High School for the Year 1970–71. Jennings asserts that he was not awarded a contract as a teacher in the school for racial reasons and because he attempted to exercise his First Amendment rights and other vested rights as a citizen.

Subsequent to filing the action, Jennings was afforded, after due notice, an exhaustive hearing with numerous witnesses before the trustees of the school board. Following the hearing, the school board made a written report of its findings of fact along with conclusions and reasons for not rehiring appellant, and this report was adopted by the District Court as its findings of fact and conclusions of law.[1]

We have carefully reviewed the record in the court below, as well as the transcript[2] of the hearing afforded Jennings before the Trustees of the Meridian Municipal Separate School District, and we find that, under the evidence, findings that Jennings had not been reemployed because of professional incompetence were not clearly erroneous, Rule 52(a), F.R.Civ.P.[3] Likewise, we conclude that appellant Jennings failed to carry his burden of proving that the refusal of the Board of Trustees to award him a contract was racially motivated or violated any of his First Amendment or other vested rights.

The findings of the District Court being amply supported by substantial evidence, the trial Court did not abuse its discretion in refusing to grant a temporary and permanent injunction.

Affirmed.

---

* Hon. Alvin B. Rubin, of the United States District Court, sitting by designation.

1. The report of Board of Trustees adopted by the District Court consisted of 17½ typewritten pages.

2. The transcript of the hearing before the Meridian Municipal Separate School Board of Trustees approximates 600 typewritten pages.

3. Moore v. Winfield City Board of Education et al., 5 Cir. 1971, 452 F.2d 726.