be used against him as an admission by a party, and proven either by cross-examination or by extrinsic evidence. Asher v. United States, 394 F.2d 424, 429 (9th Cir. 1968). False exculpatory statements by a party may be used not only to impeach, but also to prove consciousness of guilt and unlawful intent. Williamson v. United States, 310 F.2d 192, 199 (9th Cir. 1962). *See* DeVore v. United States, 368 F.2d 396, 397 (9th Cir. 1966); 2 Wigmore on Evidence § 278(2) (3rd ed. 1940).

Affirmed.

PER CURIAM:

All matters which appellant sought to raise in habeas corpus proceedings in the district court are either moot or are proper subject matter for the direct appeal from appellant's subsequent conviction in the district court. A direct appeal from that conviction is now pending in this court. See No. 71–2949, Alvarez v. United States.

It follows that the appeal from the denial of habeas relief should be and it is dismissed.

**David Roberto ALVAREZ, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 71–2472

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 30, 1971.

David R. Alvarez, pro se.

Robert W. Rust, U. S. Atty., George A. Kokus, Miami, Fla., for appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New

**Don E. JENNINGS, Plaintiff-Appellant,**

v.

**The MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT et al., Defendants-Appellees.**

No. 71–2222.

United States Court of Appeals, Fifth Circuit.

Dec. 21, 1971.

York et al., 5 Cir., 1970, 431 F.2d 409, Part I.