Anthony T. LEE et al., Plaintiffs,

United States of America, Plaintiff-Intervenor-Amicus Curiae,

National Education Association, Inc., Plaintiff-Intervenor-Appellant,

v.

MACON COUNTY BOARD OF EDUCA-TION et al., Defendants,

Thomasville City School System et al., Defendants-Appellees.

No. 72–2230.

United States Court of Appeals, Fifth Circuit.

Nov. 6, 1972.

Solomon S. Seay, Jr., Montgomery, Ala., Jack Greenberg, New York City, C. S. White-Spunner, Jr., U. S. Atty.,

---

Mobile, Ala., Jerris Leonard, Asst. Atty. Gen., Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for appellant.

W. A. Kimbrough, Mobile, Ala., for appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

The cause of the controversy presented on this appeal is the claim of Mr. James E. Clarke (Clarke) that he was subjected to unlawful racial discrimination by the Thomasville City Board of Education (Board) following a desegregation order entered on April 3, 1970. In the district court Clarke sought injunctive relief requiring the Board to offer him either the position of principal of the Thomasville Elementary School or a principalship in the Thomasville High School. After a full hearing the district court denied the relief sought. We affirm.

Involved in this litigation is a small school system in South Alabama which now operates only two schools, an elementary school and a high school. The schools are housed in separate buildings located approximately two miles apart. The principal of the Thomasville High School also serves as Superintendent of the system. The order requiring desegregation of the school system was entered pursuant to a stipulation by the Board that it had adopted and proposed to implement a desegregation plan filed in the district court by the United States Office of Education. The court modified and supplemented the plan to some degree, approved it and ordered that it be placed into effect not later than the commencement of the 1970–71 school year. According to a report filed by the Superintendent on July 27, 1970, the projected racial composition of the student body, faculty and staff in the system for the school year 1970–71 was as follows: total student enrollment 1,594 of which 937 were white and 657 black; total faculty 58 consisting of 35 white and 23 black; and a total of 6 staff members of which 3 were white and 3 were black.

As a result of the court ordered desegregation, the public schools in Thomasville are now completely integrated. There is no indication or contention that there is any racial segregation in the assignment of students, faculty or staff with the exception of the contentions made by Clarke. His chief contention is that he should have been appointed as Supervisor of the elementary school rather than the person who received the appointment and that the conduct of the Board shows a pattern or practice of racial discrimination in his case.

As a result of the final desegregation of the Thomasville City School System, its formerly all black school, A. L. Martin High School, was closed.[1] In the ensuing reorganization of the system's administration, Clarke, formerly the principal of A. L. Martin, was offered the position of Administrative Assistant to the Superintendent. Having requested that he be given the position of principal or supervisor of the Thomasville Elementary School, Clarke accepted the position under protest. He contends that his appointment as Administrative Assistant to the Superintendent amounted to a demotion within the meaning and intent of Singleton v. Jackson Municipal School Dist., 419 F.2d 1211 (5th Cir. 1970). The district court concluded that the "assignment of Mr. Clarke was based on objective and reasonable nondiscriminatory standards and further that there has been no 'demotion' of Mr. Clarke within the meaning of Singleton." In reaching this conclusion the court noted that Clarke lost no salary or pension rights. The court further concluded:

> The Court finds that the responsibilities given to Mr. Clarke as the Assistant to the Superintendent are substantial in nature and are not significantly different from those that he exercised as the principal of A. L. Martin

---

1. Presently, A. L. Martin High School is being used to conduct a small Vocational Title I Shop Program.

High School. It is apparent that there was a misunderstanding between the Board and Mr. Clarke as to the nature of his responsibilities, but this situation was rectified when the Board delivered to Mr. Clarke a list describing in some detail his duties in connection with the school system.

The desegregation order required the Board to comply with the principles of *Singleton*. The School Board contends that it has not violated any of the *Singleton* principles and the district court so found.[2]

The oral and documentary evidence developed at the hearing in the district court is in sharp conflict. Our review of the record convinces us that there is substantial evidence to support the contentions of Clarke as well as the diametrically opposed contentions of the Board. This is a typical case in which the trial court was required to make credibility and factual choices. This is not a case in which a staff member was denied a position for which he had applied in the system and that position given to an applicant from outside the system as was the case in Lee v. Macon County Board of Education, 456 F.2d 1371 (5th Cir. 1972). The issues presented do not involve the constant rejection of the application of a staff member and the employment of a new applicant after the staff member was "relegated out of the school system" as we determined in Lee v. Macon County Board of Education, 453 F.2d 1104 (5th Cir. 1971). Nor is this case similar to the situation in Sparks, et al. v. Griffin, et al., 460 F.2d 433 (5th Cir. 1972) in which the employment of black faculty members had steadily declined and the

employment contracts of the two black teachers there involved were terminated.

Giving full consideration to all the evidence presented to the district court we are unable and unwilling to say that the district court was clearly erroneous as to the facts found or that the facts so found do not support the legal conclusion reached in denying the relief sought. It is our conclusion that the trial court did not abuse its discretion in refusing to grant injunctive relief. Jennings v. Meridian Municipal Separate School District, 453 F.2d 413 (5th Cir. 1971); Moore v. Winfield City Board of Education, 452 F.2d 726 (5th Cir. 1971); Rule 52(a) Fed.R.Civ.P.

Judgment affirmed.

---

2. The Thomasville City System was operated on an integrated basis for the first time at the commencement of the 1970–71 school year. Clarke was assigned to his position in the summer of 1970. At the time of his assignment, the School Board had not established "objective and reasonable non-discriminatory standards" to be applied if there was to be a reduction in the number of principals, teachers, etc. which would result in a *dismissal* or

*demotion* of any such staff members. The Board asserts that it is not seeking to avoid the requirements set forth in item III of the policies enunciated in *Singleton* because there has been no reduction in its staff members. It contends that it has not violated any of the requirements of *Singleton* including the application of "objective and reasonable nondiscriminatory standards."