469 F.2d 1315
 5 Fair Empl.Prac.Cas. 502, 5 Empl. Prac. Dec. P 8060
UNITED STATES of America, Plaintiff,
v.
The BOARD OF EDUCATION OF LINCOLN COUNTY, GEORGIA, et al.,
Defendants-Appellees.
Joseph COBB et al., Plaintiffs,
v.
J. R. FREEMAN et al., Defendants-Appellees,
Alsie H. Parks, Intervenor-Appellant.
 No. 72-2610.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 30, 1972.
 
 John H. Ruffin, Jr., Augusta, Ga., for appellant.
 Hugh J. Moore, Dept. of Justice, Civil Rights Div., Education Section, Washington, D. C., for the United States.
 Howard Moore, Jr., Elizabeth Rindskopf, Atlanta, Ga., and Jack Greenberg, New York City, for Joseph Cobb, and others.
 E. Freeman Leverett, Elberton, Ga., for Lincoln County and J. R. Freeman and others.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 A black woman, Mrs. Alsie H. Parks, was demoted from her position as high school counselor by the Lincoln County, Georgia, School Board and offered a job as a teacher at the same rate of pay. Mrs. Parks refused to accept the teaching position and filed suit for reinstatement in federal district court[1] contending that she was dismissed as counselor because of her race. The school board maintained at all times that Mrs. Parks performed her job poorly and that race had nothing to do with her demotion. After an evidentiary hearing the district judge found that the board's action was not based upon race but upon the professional incompetence of Mrs. Parks. The issue before this court is whether the trial court was clearly erroneous in this finding. We hold that it was not and affirm the judgment of the district court.
 
 
 2
 At the hearing below the evidence showed that it was the responsibility of the guidance counselor to maintain the permanent records of student grades and to administer and grade the student achievement tests. Various school officials having direct contact with Mrs. Parks' work testified extensively that appellant kept inaccurate and incomplete records; that she allowed students to enter their own grades on the permanent records; that she failed to properly follow instructions as to how the records should be kept; that she improperly graded the achievement tests to the extent that they became unusable as a measure of student potential; and that she encouraged teachers to pass students whether they actually passed or not. Some of the strongest evidence against Mrs. Parks came from an outside expert who had been hired by the Lincoln County School Board for the purpose of evaluating the school system's guidance program. The only testimony in Mrs. Parks' favor was by a black school principal who stated that he would retain her as guidance counselor.[2] Mrs. Parks did not take the witness stand.
 
 
 3
 With this evidence before it the district court was not clearly erroneous in finding that the school board's demotion of appellant was free of racial motivation. Rule 52(a) F.R.Civ.P.; Jennings v. Meridian Municipal Separate School District, 5 Cir. 1971, 453 F.2d 413; Moore v. Winfield City Board of Education, 5 Cir. 1971, 452 F.2d 726.
 
 
 4
 Appellant also rather vaguely contends that she was denied due process because the school board failed to hold a hearing concerning the reasons for her demotion. See Board of Regents v. Roth, 1972, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; Perry v. Sindermann, 1972, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570. Whatever merit this contention may or may not have we need not decide since the claim was never presented to the district court and no evidence was developed in regard thereto.
 
 
 5
 The judgment of the district court is hereby
 
 
 6
 Affirmed.
 
 
 
 [1]
 Mrs. Parks was allowed to intervene in a desegregation suit for the public schools of Lincoln County. The various other aspects of the desegregation suit were not appealed to this court
 
 
 [2]
 Although the school board ultimately hired a white counselor to replace Mrs. Parks, the record contains undisputed testimony that the board conducted an unsuccessful search for a black counselor