Robert CALDWELL, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 75–X–0574–S.

United States District Court, N. D. Alabama, S. D.

Aug. 14, 1978.

Walter W. Furner, Furner & Boyce, Bessemer, Ala., for plaintiff.

J. R. Brooks, U. S. Atty., N. D. Ala., Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

GROOMS, District Judge.

Defendant has filed a motion for reconsideration of the Court's judgment of July 10, 1978, awarding attorney's fees, claiming that since the award of benefits was made by the Appeals Council on remand, and plaintiff did not file a petition with the Social Security Administration for fees for services rendered, the Court is without jurisdiction to determine an award for fees. Defendant says that the award was premature and precluded the Administration from exercising its authority to award a fee under 42 U.S.C. § 406(a).

The Court has carefully considered the decisions cited by counsel in support of their respective contentions and has fully researched the law relating thereto. The courts have written at some length on the authority of the Secretary and of the court to award attorney's fees for services rendered in the administrative proceedings and in the court, but very little as to priority between them in making the award.

In *Celebrezze v. Sparks,* 342 F.2d 286, following the Fourth Circuit in *Folsom v. McDonald,* 237 F.2d 380, the Fifth Circuit held that under 42 U.S.C. § 405(g) the trial court had implied authority to allow a fee out of the benefits awarded the plaintiff under the Social Security Act. The decision was rendered in 1965 before the effective

date of the 1965 amendment to the Act, dealing specifically with attorney's fees under Section 406(b) where the court renders a judgment favorable to the claimant.[1]

In *Gardner v. Menendez*, 373 F.2d 488, the First Circuit distinguished *Sparks,* noting that the decision was rendered prior to the 1965 amendment. The court stated that Section 406(b)(1) was clear and explicit, and limited the award of fees by the court to those cases wherein the "court renders a judgment favorable to a claimant . . . ." It held that for services performed before the agency, the Secretary may award appropriate counsel fees under Section 406(a). The court stated that:

"There is nothing singular in the fact that counsel who appears in two forums should apply to each for the aliquot part of his total fee. That is common practice where counsel obtains in a district court, and in an appellate court, a separate award for his services before each.

"The judgment of the district court is vacated. Counsel may, if so minded, apply to that court for an allowance for services in drafting and filing the complaint. For compensation for the balance of his services counsel must make application to the Secretary."

The Fourth Circuit in *Robinson v. Gardner,* 374 F.2d 949, decided in 1967, but under a time frame that rendered the amendment inapplicable, held that:

"The matter of fees for legal services performed within HEW on Social Security claims has been committed by statute to the responsibility of the Secretary exclusively. This customary province of the courts has been preempted by Congress. Hence, to the extent the District Court's allowance here is for services in the Department, the reimbursement cannot stand."

The Third Circuit in *Swotes v. Gardner,* 392 F.2d 428, where a Hearing Examiner allowed fee for agency service, but refused

to direct that the fee be paid out of the award, the court held that the District Court lacked authority to compel such payment,[2] saying:

"We do not consider that Section 206(b)(1) 42 U.S.C.A. touches this Agency fee in question. That Section has to do solely with a fee for claimant's attorney after a court renders a favorable judgment to claimant, including a fee for his lawyer."

In *Dawson v. Finch,* 425 F.2d 1192 (5th Cir.), the court held that where an attorney had received an award of 25% for his representation of the claimant in administrative proceedings, he may not obtain authorization from the court to charge 25% for his representation of the claimant before the court. In the course of its opinion, the court, referring to *Menendez, supra,* and *Britton v. Gardner* (W.D.Va.) 270 F.Supp. 412, observed that those cases held:

"that an attorney is entitled to petition the Secretary and the court for the award of fees for services rendered a claimant before them but that neither the Secretary nor the court could fix the amount of the fee for services performed before the other."

The Ninth Circuit in *MacDonald v. Weinberger,* 512 F.2d 144, reversed the trial court for awarding an attorney's fee for representation both before the Secretary and in the district court, and speaking rather succinctly said:

"Under 42 U.S.C. § 406(b)(1), a District Court may award a reasonable fee to an attorney for representing a Social Security claimant before the court. The court has no authority to award an attorney's fee for representation of a claimant before the Secretary, that power being granted by 42 U.S.C. § 406(a) to the Secretary alone. *Whitehead v. Richardson,* 446 F.2d 126 (6th Cir. 1971); *Fenix v. Finch,* 436 F.2d 831, 838 (8th Cir. 1971); *McKittrick v. Gardner,* 378 F.2d 872, 876

---

1. The 1968 amendment to Section 406(a) authorized the Secretary to fix fees directly and limited the amount to 25% of the award.

2. This was prior to the 1968 amendment to Section 406(a) authorizing the payment of fees out of past due benefits.

(4th Cir. 1967); *Gardner v. Menendez,* 373 F.2d 488 (1st Cir. 1967).

.    .    .    .    .

"Since the District Court's Order awards MacDonald's lawyer a fee for his work both before the court and the Secretary, the Order must be vacated. We remand the matter to the District Court for a determination of such fee award, if any, that should be allowed the attorney for his representation of MacDonald in the District Court only."

As to the question of priority in making the award of attorney's fees, the Sixth Circuit in *Webb v. Richardson,* 472 F.2d 529, adopted its own rule as follows:

"We hold that the tribunal that ultimately upholds the claim for benefits is the only tribunal that can approve and certify payment of an attorney fee, and that the fee cannot exceed 25% of the past-due benefits awarded by that tribunal. The tribunal making this award can consider all services performed by the attorney from the time the claim was filed with the Social Security Administration."

In *Robinson v. Gardner, supra,* it was stated that:

"To avoid overlapping and to reach a single, composite fee for all legal work, it would seem advisable for the District Court in this instance to defer its computation until the Secretary has made his determination."

However, as above noted, the 1965 amendment was not applicable under the facts of that case.

The District Court of the Northern District of Mississippi, *Davis v. Secretary of Health, Education and Welfare of United States,* 320 F.Supp. 1293 (1970), held that counsel should apply to the Secretary first, then apply to the court only if the fee allowed by the Secretary is for less than 25% of the benefits recovered by claimant. In that case, however, the award was made by the Secretary,[3] after the case was remanded on the Secretary's motion. The court did not hold that the Secretary was given authority when the facts fell under Section 406(b). It specifically held that the court may award fees for services performed before it providing, of course, that the total fee award does not exceed 25%.

Judge Morgan, in *Duke v. Gardner,* 264 F.Supp. 187 (N.D.Ga.), where there was a remand on motion of the Secretary followed by award by the Secretary, held that the proper form of relief for the attorney was through application to the Secretary, and that until such remedy was sought the court would not rule on the matter.

In *Haley v. Gardner,* (N.D.Okl.) 259 F.Supp. 30, the court declined to pass upon an application for fees where the Appeals Council, on remand, had rendered a judgment favorable to the plaintiff.

Section 406(a) states the Secretary's duty to award attorney's fees for services before the agency. It provides that he "shall . . . fix . . . a reasonable fee . . ." where the award is favorable to the claimant. Section 406(b) provides that the court in the case of a favorable decision rendered by it "may determine and allow . . . a reasonable fee . . ." The duty in one case is mandatory, in the other permissive. The latter is in keeping with the traditional rule that an award of attorney's fees is a matter resting within the sound discretion of the trial court. *Whitehead v. Richardson,* 446 F.2d 126 (6th Cir.). [Underscoring added by Court]

See annotation in 22 A.L.R.3rd 1081 for the analysis of other decisions.

The law is well established that the Secretary fixes the fee for services rendered in and related to the administrative proceedings; that the Court fixes the fee in the court and related proceedings before it, and that neither should fix the fee for services performed before the other.

---

3. By an authorization from the Bureau of Hearings and Appeals to charge and receive a fee amounting to 25% of the net benefits.

■ Where, as here, the award was not made by the Court, but by the Secretary after a remand on his motion, and it being mandatory on him to fix the fee, the Court is of the opinion that it should not rule upon the application for a fee until the Secretary has ruled. If the award of the Secretary is less than 25% of the award to the claimant, the attorney may renew his application for fees for services rendered in or in relation to the proceedings in the court. The reverse of this procedure would be followed where the award to the claimant is made by the court under Section 406(b).

In view of the foregoing opinion, the motion to reconsider the judgment of July 10, 1978, is due to be granted and the award vacated. A judgment in conformity with this opinion is being entered contemporaneously herewith.