Ransom C. GROSS, Plaintiff,

v.

Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. L 82–30.

United States District Court, N.D. Indiana, Hammond Division.

May 13, 1983.

Peter W. Bullard, Lafayette, Ind., for plaintiff.

R. Lawrence Steele, U.S. Atty., Hammond, Ind., by David H. Miller, Asst. U.S. Atty., Fort Wayne, Ind., for defendant.

SHARP, Chief Judge.

This case is an appeal from a decision of the Social Security Administration (SSA) denying plaintiff's application for Social Security Disability benefits. On October 5, 1982, this court reversed the decision of the SSA and remanded the case to a new Administrative Law Judge (ALJ) to hold a new hearing and enter fresh findings and conclusions. The court specifically found that the ALJ (1) failed to meet his burden of helping a pro se claimant and therefore did not fulfill his duty to ensure that the claimant received a full and fair hearing; (2) failed to adequately inform the claimant of his right to free counsel; (3) failed to correctly state the law to be applied in determining whether or not the claimant was disabled within the meaning of the statute; (4) failed to give the claimant the benefit of inclusion in analyzing the evidence; and (5) that the ALJ's decision is not supported by substantial evidence. This case is presently before the court on plaintiff's Application for Attorney's Fees and Expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

The EAJA was intended by Congress as a waiver of sovereign immunity in successful civil actions against the United States, any agency of the United States or any official of the United States acting in his or her official capacity. See, *Fenton v. Federal Ins. Adm'r*, 633 F.2d 1119 (5th Cir.1981); *Rhode Island Committee on Energy v. General Services Administration*, 561 F.2d 397

(1st Cir.1977); *Wolverton v. Schweiker,* 533 F.Supp. 420 (D.Idaho 1982). The purpose of this section was to correct inequities in civil actions between the United States and private litigants so that the parties would be on a more even footing. *Moore v. Winfield City Board of Education,* 452 F.2d 726 (5th Cir.1971); *Com. of Puerto Rico v. SS Zoe Colocotroni,* 456 F.Supp. 1327, 1351 (D.Puerto Rico 1978). Congress thus desired to, encourage actions against the United States for the vindication of rights and correction of unlawful activities by agencies of the United States and to compensate private litigants when they were successful.

Section 2412 of Title 28, United States Code, provides as follows:

*§ 2412   Costs and Fees*

(a) Except as otherwise specifically provided by statute, a judgment for costs ... may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action ...

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

\*      \*      \*      \*      \*      \*

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party ... fees and other expenses, in addition to costs awarded pursuant to subsection (a), incurred by any party in any civil action ... brought by or against the United States in any

court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

This section applies to actions brought seeking judicial review of an agency's decision under the Social Security Act, see, *e.g., McDonald v. Schweiker,* 551 F.Supp. 327. (N.D.Ind.1982); *Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill.1982), and the court is required to award a prevailing party attorney fees, costs and other expenses against the United States unless the court finds the position of the United States substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden is on the government to prove substantial justification or special circumstances. See, *e.g., McDonald v. Schweiker, supra,* at 332–333; *Berman v. Schweiker, supra; Citizens Coalition, Etc. v. City of Euclid,* 537 F.Supp. 422 (N.D.Ohio 1982). The test of substantial justification is a new one created by this statute and was intended to serve as a middle ground between an automatic award of fees to a successful party and permitting fees only where the government's position was arbitrary or frivolous. H.Rep. No. 96–1418, *reprinted in* [1980] *U.S.Code & Admin. News* 4953, 4993.

In the case presently before the court, the defendant maintains that the plaintiff is not a prevailing party within the meaning of EAJA and that the court should deny plaintiff's petition for fees. The defendant essentially argues that the relief granted in this case, namely, reversal and remand, is interlocutory in nature, that plaintiff has not established an entitlement to relief on the merits of his claims and that he should not be granted fees because they would be interim in nature.

This court finds the defendant's argument unpersuasive under the facts of this case. The court granted plaintiff's Motion for Summary Judgment for numerous reasons, primarily relating to the ALJ's failure to fulfill his duties as required by law. The ALJ's failures resulted in a record that was

not fully developed, and a decision not supported by substantial evidence. The plaintiff in this case sought judicial review of the Secretary's decision pursuant to 42 U.S.C. § 405(g). That section permits a court to review the record developed by the SSA and determine whether the Secretary's decision is supported by substantial evidence but it does not permit a court to try the case *de novo*. Thus, the ALJ's failure to fully develop the record essentially precluded this court from rendering a final decision on plaintiff's entitlement to disability benefits. However, that does not automatically indicate that he was not a prevailing party within the meaning of the EAJA. The plaintiff obtained substantially the relief requested and under the facts of this case, the extent of relief this court had authority to render.

The court confronted with the issue of whether an individual in a social security appeal, whose case was remanded or reversed and remanded have reached conflicting conclusions as to whether the social security applicant was entitled to fees under the EAJA. See, e.g., *Miller v. Schweiker*, 560 F.Supp. 838 (M.D.Ala.1983); *Roman v. Schweiker*, 559 F.Supp. 304 (E.D.N.Y. 1983); *Vega v. Schweiker*, 558 F.Supp. 52 (S.D.N.Y.1983). In *Miller v. Schweiker* and *Roman v. Schweiker* the courts found that the plaintiff was not a prevailing party within the meaning of the EAJA because the case was remanded to the ALJ for further proceedings. In *Vega v. Schweiker*, the court did not address the issue of whether the plaintiff was the prevailing party but rather only addressed the second prong of the test, namely substantial justification or special circumstances. The court found that the government's defense of plaintiff's request for remand was not substantially justified because the government had failed to provide the claimant with a fair and adequate hearing at the administrative level. Thus, courts' application of the EAJA standard for an award of attorney fees have not been consistent.

This court finds the analysis used in the *Vega v. Schweiker* opinion more consistent with the purposes of the EAJA. One of the

purposes of the EAJA was to encourage the vindication of rights and correction of unlawful activities by agencies of the United States. To deny attorney fees to plaintiffs who cannot obtain the award of benefits sought under the Social Security Act from the court because of the administrative agency's failure to fulfill its duties imposed by law is certainly inconsistent with that purpose. Thus, a remand in such a situation is the only relief available to the plaintiff. That is not to say, however, that every plaintiff who obtains a remand in a social security appeal is entitled to an award of attorney fees under the EAJA. Rather, a court must also examine the reasons for the remand to determine whether the government's position was substantially justified or that special circumstances would make an award unjust.

■ The burden is on the government to show that his position was substantially justified or that special circumstances would make an award unjust. In determining whether the government's position was justified, the court must examine the agency's pre-litigation position, not merely its trial conduct. See, *Natural Resources Defense Council, Inc. v. EPA*, 703 F.2d 700 (3rd Cir.1983). The SSA has failed to show that its position was substantially justified. In this court's decision of October 5, 1982, the court found in addition to no substantial evidence to support the defendant's position, an incorrect legal standard was applied to determine eligibility. Thus, the government's position was not supported in law or fact. Accordingly, this court finds that the government's position was not substantially justified and that there are no special circumstances which would preclude an award of attorney fees under the EAJA in this case.

On the basis of the foregoing, the court finds that the plaintiff is entitled to fees under the EAJA and in accordance with the guidelines noted in *Entertainment Concepts, Inc., III v. Maciejewski*, 631 F.2d 497 (7th Cir.1980), and *Waters v. Wisconsin Steel Works of International Harvester Co.,*

502 F.2d 1309 (7th Cir.1974), costs and fees are assessed against the defendant as follows:

| | |
|---|---:|
| Attorney fees (26 hours at $70.00 per hour) | $1,820.00 |
| Costs | 118.87 |
| TOTAL | $1,938.87 |

SO ORDERED.