**Martha M. KNOX, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 81–514.

United States District Court, D. Delaware.

June 29, 1983.

Douglas A. Shachtman, and Brian J. Hartman, Wilmington, Del., for plaintiff.

Joseph J. Farnan, Jr., U.S. Atty. and Peggy L. Ableman, Asst. U.S. Atty., Wilmington, Del., of counsel; Diane C. Moskal, Regional Atty., John E. Newton, Jr., Asst. Regional Atty., Office of the General Counsel, Dept. of Health and Human Services, Philadelphia, Pa., for defendant.

OPINION

MURRAY M. SCHWARTZ, District Judge.

The present motion raises the issue of whether a plaintiff who, in an appeal from the denial of Social Security disability benefits, succeeds in obtaining a remand of her case to the Secretary of Health and Human

---

Services ("Secretary") is considered a "prevailing party" for the purpose of taxation of costs under the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412 (Supp., 1983). A brief discussion of the background facts is warranted.

*Facts*

Martha Knox, the plaintiff in this action, suffered a back injury in an auto accident on April 6, 1979. Knox filed for disability benefits on December 7, 1979. Her application was denied on March 5, 1980 and again on reconsideration on June 16, 1980. After an administrative hearing held on October 16, 1980, the Administrative Law Judge ruled that Knox had the residual functional capacity to perform sedentary work and was therefore not disabled within the meaning of the Social Security Act. The Appeals Council affirmed on September 18, 1981. Plaintiff then filed this action against the Secretary, seeking judicial review of the denial of disability benefits under 42 U.S.C. § 405(g). (Doc. 1). On September 1, 1982, this Court adopted the Magistrate's Report and Recommendation (Doc. 14) and remanded the matter to the Secretary for reconsideration. (Doc. 17).

Plaintiff thereafter submitted her Bill of Costs pursuant to Local Rule 6.1 seeking recovery of $69.00 in costs. (Doc. 18). Defendant Richard Schweiker, Secretary of Health and Human Services, opposed the taxation of costs against him, claiming that plaintiff is not a prevailing party since the remand order to the Secretary is interlocutory and not final. (Doc. 19). On December 3, 1982, the Clerk denied plaintiff's request for taxation of costs, without specifying whether the denial was with or without prejudice. (Doc. 20). Plaintiff thereafter moved the Court pursuant to Local Rule 6.1(D) and Fed.R.Civ.P. 54(d) to review and reverse the Clerk's denial of costs or, alternatively, to retain jurisdiction for an assess-

ment of costs in the future. (Doc. 21). The parties briefed the issue, and hearing was held on April 8, 1983.

*The Applicable Statute*

The plaintiff seeks an award of costs pursuant to Local Rule 6.1, Fed.R.Civ.P. 54(d), and the Equal Access to Justice Act, 28 U.S.C. § 2412(a). Local Rule 6.1 provides, in pertinent part:

A. In General

(1) Unless otherwise ordered by the Court the prevailing party shall be entitled to costs.

*     *     *     *     *     *

C. Party Entitled to Costs

The determination of the prevailing party shall be within the discretion of the Court in all cases except where such determination is inconsistent with statute or the Federal Rules of Civil Procedure or the rules of the appellate courts......
No costs shall be allowed to either party if the Court is unable to determine the prevailing party.

Fed.R.Civ.P. 54(d) provides in part as follows:

(d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the Court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.

On October 1, 1981, the EAJA became effective.[1] By this Act, the United States partially waived its sovereign immunity and permitted the taxation of costs, attorney fees and expenses against it, under certain circumstances. The relevant provisions of the EAJA read as follows:

(a) Except as otherwise specifically provided by statute, a judgment for costs,

---

1. The Act was codified in two sections of the United States Code. The Administrative Procedure Act contains EAJA introductory sections 201 and 202, and section 203 relating to fee awards in agency proceedings. 5 U.S.C. § 504 (Supp.1983). The Judicial Procedure Act contains EAJA section 204 dealing with fee awards in civil actions. 28 U.S.C. § 2412 (Supp.1983). *See Berman v. Schweiker,* 531 F.Supp. 1149, 1151 n. 1 (N.D.Ill.E.D.1982).

as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

\* \* \* \* \* \*

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(a), (d)(1)(A) (Supp.1983).

In enacting the EAJA, Congress intended to remove the financial obstacle to contesting unreasonable governmental action through litigation. Since certain parties may be deterred from challenging governmental conduct because of the expense involved, the Act provides for an award of costs, attorney fees and other expenses to parties prevailing against the United States. H.R.Rep. No. 1418, 96th Cong., 2d Sess. 5, 9, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4987. *See, Goldhaber v. Foley,* 698 F.2d 193, 195 (3d Cir.1983); *Ward v. Schweiker,* 562 F.Supp. 1173 (W.D. Mo.W.D.1983) (available on Westlaw, Allfeds database).

The legislative history provides some insight into the intended definition of "prevailing party" in Section 2412.

Under existing fee-shifting statutes, the definition of prevailing party has been the subject of litigation. It is the committee's intention that the interpretation of the term in S. 265 be consistent with the law that has developed under existing statutes. Thus, the phrase "prevailing party" should not be limited to a victor only after entry of a final judgment following a full trial on the merits. A party may be deemed prevailing if he obtains a favorable settlement of his case, *Foster v. Boorstin,* 561 F.2d 340 (D.C.Cir. 1977); if the plaintiff has sought a voluntary dismissal of a groundless complaint, *Corcoran v. Columbia Broadcasting System, Inc.,* 121 F.2d 575 (9th Cir.1941); or even if he does not ultimately prevail on all issues, *Bradley v. School Board of the City of Richmond,* 416 U.S. 696 [94 S.Ct. 2006, 40 L.Ed.2d 476] (1974).

In cases that are litigated to conclusion, a party may be deemed "prevailing" for purposes of a fee award in a civil action prior to the losing party having exhausted its final appeal. A fee award may thus be appropriate where the party has prevailed on an interim order which was central to the case, *Parker v. Matthews,* 411 F.Supp. 1059, 1064 (D.D.C.1976), or where an interlocutory appeal is "sufficiently significant and discrete to be treated as a separate unit", *Van Hoomissen v. Xerox Corp.,* 503 F.2d 1131, 1133 (9th Cir.1974).

H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. & Ad. News 4984, 4990. *See, Natural Resources Defense Council, Inc. v. U.S. Environmental Protection Agency,* 703 F.2d 700 (3d Cir. 1983). The Supreme Court in *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), reaffirmed the proper standard for prevailing party status under 42 U.S.C. § 1988. "A typical formulation is that 'plaintiffs may be considered "prevailing parties" for attorneys's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"

*Id.*, at ——, 103 S.Ct. 1939, quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir. 1978). *See also Latino Project Inc. v. City of Camden,* 701 F.2d 262 (3d Cir.1983); *N.A. A.C.P. v. Wilmington Medical Center, Inc.,* 689 F.2d 1161 (3d Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1499, 75 L.Ed.2d 930 (1983); *Sullivan v. Pennsylvania Department of Labor and Industry,* 663 F.2d 443 (3d Cir.1981), *cert. denied,* 455 U.S. 1020, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982); *Vasquez v. Fleming,* 617 F.2d 334 (3d Cir. 1980); *Bagby v. Beal,* 606 F.2d 411 (3d Cir.1979); *Hughes v. Repko,* 578 F.2d 483 (3d Cir.1978). The instant case presents the issue of whether the plaintiff whose case has been remanded to the Secretary by this Court can be considered a prevailing party for the purpose of taxation of costs under the EAJA.

Recently several courts have applied the EAJA to cases such as this one arising under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq. See, e.g., Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill.E.D. 1982); *Wolverton v. Schweiker,* 533 F.Supp. 420 (D.Idaho, 1982). Some courts which have considered the issue of whether a plaintiff obtaining a remand to the Secretary is a prevailing party have done so in the context of a petition for attorney fees, expenses and costs, *see, e.g., Whitehead v. Richardson,* 446 F.2d 126 (6th Cir.1971); *Gross v. Schweiker,* 563 F.Supp. 260 (N.D. Ind.1983) (available on Lexis, genfed library, cases file); *MacDonald v. Schweiker,* 553 F.Supp. 536 (E.D.N.Y.1982). Other courts have examined the issue in the context of a petition for attorney fees alone, *see, e.g., Miller v. Schweiker,* 560 F.Supp. 838 (M.D.Ala.N.D.1983); *Roman v. Schweiker,* 559 F.Supp. 304 (E.D.N.Y.1983); *Vega v. Schweiker,* 558 F.Supp. 52 (S.D.N. Y.1983); *Ocasio v. Schweiker,* 540 F.Supp. 1320 (S.D.N.Y.1982); *Caldwell v. Califano,* 455 F.Supp. 1069 (N.D.Ala.S.D.1978); *Spicer v. Califano,* 461 F.Supp. 40 (N.D.N.Y. 1978); *see also National Labor Relations Board v. Doral Building Services, Inc.,* 680 F.2d 647 (9th Cir.1982). Neither the par-

ties' submissions nor independent research has revealed any cases considering a motion for costs alone after remand to the Secretary.

Plaintiff argues that cases denying an award of attorney fees to a plaintiff after remand are inapplicable because the Supreme Court has consistently imposed more onerous requirements and a higher standard for obtaining an award of attorney fees than for an award of costs. An example of different treatment can be found in the terms of Section 2412 as well. Section 2412(d)(1)(A) mandates an award of attorney fees to the prevailing party unless "the position of the United States was substantially justified or . . . special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). No such limitation is found in Section 2412(a) governing the award of costs to a prevailing party. However, under the statutory scheme, the award of attorney fees is mandatory ("a court shall award") whereas the award of costs is permissive ("a judgment for costs . . . may be awarded"). Nevertheless, in spite of the different treatment accorded awards of fees as opposed to costs, one factor is required for both, *viz.,* the award can only be made to a prevailing party.

*Prevailing Party Status*

Four courts which have considered the matter have granted attorney fees to plaintiffs following a reversal of the denial of disability benefits and a remand of the case to the Secretary. In *Vega v. Schweiker,* 558 F.Supp. 52 (S.D.N.Y.1983), the court remanded the matter to the Secretary and granted the plaintiff's petition for attorney fees for the work performed in the district court appeal as well as in the preparation of the motion for fees. The court and apparently the defendant failed to consider the question of whether the claimant was a "prevailing party" as a result of the remand.

In the recent case of *Gross v. Schweiker,* 563 F.Supp. 260 (N.D.Ind.1983), the court reversed the denial of benefits and remand-

ed the matter, finding that the ALJ had failed in several respects to fulfill his duties. The court stated that because of the agency's failure to properly develop the record it was unable to award the benefits sought. Therefore, the plaintiff, through reversal and remand, "obtained substantially the relief requested and under the facts of this case, the extent of relief this court had authority to render." *Id.* The court concluded that to deny attorney fees under those circumstances would be inconsistent with the EAJA's purpose.

Similarly, in *Ocasio v. Schweiker,* 540 F.Supp. 1320, 1321 (S.D.N.Y.1982), the court granted attorney fees after remanding the case, noting that "[t]here is no dispute that plaintiff is a prevailing party within the meaning of the EAJA." The claimant had appealed to the district court after a denial of benefits by the Secretary. Upon appeal, the defendant quickly acknowledged that the Social Security Administration had erroneously interpreted the applicable statute, and stipulated to remand the case for reconsideration.

Finally, the court in *MacDonald v. Schweiker,* 553 F.Supp. 536 (E.D.N.Y.1982) found that the Administrative Law Judge's ("ALJ") denial of benefits was appealable to the Appeals Council and remanded the case to the Appeals Council for review. In subsequently entertaining the petition for attorney fees and costs, the court noted that although an order of remand does not constitute a final judgment, in light of the EAJA's legislative history, "there may be cases, including social security remands, where an award of fees might be appropriate although final judgment has not been entered." *Id.* at 539. The court found *MacDonald* to be such a case because plaintiff obtained the relief she sought from the district court by having that court determine that plaintiff was entitled to Appeals Council review. While granting the fees and costs, the court noted:

> an award of fees would be inappropriate in the ordinary situation involving a re-

mand in a social security case.... [I]n the ordinary case, a remand merely means that more evidence is needed to complete the record, or that the ALJ must make his findings more specific. Defendant is correct in arguing that it would be anomalous to permit an award of fees to a plaintiff whose case has been remanded to the secretary for these reasons where the order of remand may not be appealed because of its nonfinal nature.

*Id.*

Two courts have issued outright denials of attorney fees and costs petitions after remanding the matters to the Secretary. In *Roman v. Schweiker,* 559 F.Supp. 304 (E.D.N.Y.1983), the court determined plaintiff was not a prevailing party entitled to fees by virtue of the temporary success of obtaining a remand. It did not indicate whether plaintiff would be entitled to an award of fees corresponding to the preparation of the appeal if she ultimately prevailed on the merits before the Secretary. In a pre-EAJA case, *Whitehead v. Richardson,* 446 F.2d 126 (6th Cir.1971), the court of appeals affirmed the district court's denial of a motion for fees and costs which it entertained after the claimant obtained the requested benefits from the Secretary on remand. The court found the suit became moot upon the Secretary's grant of benefits. *See also, Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (Section 1988); *Swietlowich v. County of Bucks,* 620 F.2d 33 (3d Cir.1980) (Court of Appeals vacated and remanded for new trial, plaintiff not a prevailing party under Section 1988).

Four courts have denied awards of fees pending resolution of the case on remand. They have, however, stated explicitly or implicitly that they would consider the motions if necessary if the plaintiff prevailed on remand. Two courts denied the awards stating that the plaintiff "is not the 'prevailing party' at this stage of the proceedings," *Miller v. Schweiker,* 560 F.Supp. 838,

840 (M.D.Ala.N.D.1983) and that "an award of fees at this time would be inappropriate," *National Labor Relations Board v. Doral Building Services, Inc.,* 680 F.2d 647 (9th Cir.1982). The other two courts explicitly retained jurisdiction stating that the denial of attorney fees was "without prejudice," *Spicer v. Califano,* 461 F.Supp. 40, 48 (N.D.N.Y.1978) (pre-EAJA, relies on 42 U.S.C. § 406(b)(1)), and that after the Secretary awarding the disability benefits initially determines the appropriate fees, the claimant's attorney can "renew his application for fees for services rendered in or in relation to the proceedings in the court." *Caldwell v. Califano,* 455 F.Supp. 1069, 1072 (N.D.Ala.S.D.1978) (pre-EAJA case).

With this review of the current status of the case law, the Court turns to the issue at bar. Plaintiff, in appealing the Secretary's denial of disability benefits, requested this Court to grant the benefits and to award "any and all other relief this Court deems just." (Doc. 1). In the briefs in support of her summary judgment motion, plaintiff requested as an alternative to a grant of benefits, a remand of the case for "new findings" (Doc. 10, p. 31) and "reconsideration." (Doc. 13, p. 10). In his Report and Recommendation, the Magistrate concluded "that the Secretary's decision that Knox is able to perform sedentary work is not supported by substantial evidence because the ALJ failed to address certain probative evidence which is inconsistent with his findings." (Doc. 14, p. 2). Therefore, the matter was remanded for reconsideration, leaving the ALJ "free to accept such additional evidence as he deems appropriate." (Id. p. 10). The Court adopted the Magistrate's Report and Recommendation. (Doc. 17).

This Court is presented with the same situation as the court in *Gross v. Schweiker,* 563 F.Supp. 260 (N.D.Ind.1983).[2] Because

of the ALJ's failure to make specific findings and to discuss all of the evidence, the only relief this Court is empowered to grant is the remand for reconsideration which plaintiff requested. Plaintiff should not be forced to bear the costs necessarily incurred to secure her right to have the administrative law process operate in its intended fashion. Since the plaintiff received essentially all of the relief requested that this Court had authority to render, the plaintiff is a "prevailing party" for the purpose of taxation of costs under the EAJA.[3] Plaintiff's motion for taxation of costs will be granted.

---

2. *See* discussion *supra,* pp. 962–963.

3. The plaintiff has not requested an award of attorney fees. It is highly unlikely that this omission was inadvertent. At this stage of the proceedings it would not be possible to deter-

mine whether the government's position was substantially justified or whether special circumstances exist which would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A) (Supp.1983).