**James R. WADE, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 83–197 MMS.**

United States District Court, D. Delaware.

July 3, 1984.

Neilson C. Himelein, Community Legal Aid Soc., Wilmington, Del., for plaintiff.

Joseph J. Farnan, Jr., U.S. Atty., and Sue L. Robinson, Asst. U.S. Atty., Dept. of Justice, Wilmington, Del., Beverly Dennis, III, and Edith M. Ho, Dept. of Health and Human Services, Philadelphia, Pa., for defendant.

OPINION

MURRAY M. SCHWARTZ, District Judge.

In this case the Clerk of the Court taxed costs in the amount of $60.00 in favor of the plaintiff and against the defendant. (Docket Item ["Dkt."] 21). The defendant timely moved for review of the Clerk's actions. (Dkt. 22).

**Facts**

James Wade, the plaintiff, appealed to this Court from a final decision of the Secretary of Health and Human Services (the "Secretary") which denied his application for disability insurance benefits. The plaintiff claims to have been disabled since April 15, 1980, by a back and shoulder injury sustained in an automobile accident. Plaintiff also complains that he suffers severe mental depression because of his physical injuries. His application was filed on February 4, 1981, and proceeded normally through administrative channels. Benefits were denied both initially and on reconsideration at the state agency level. On June 8, 1982, the plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ ruled on July 29, 1982, that the plaintiff did not have a severe impairment and was therefore not disabled within the meaning of the Social Security Act. The Appeals Council affirmed the ALJ's decision on January 31, 1983. Plaintiff then instituted this action for judicial review of the Secretary's denial of disability benefits. (Dkt. 1). The matter was referred to the U.S. Magistrate who, on

November 8, 1983, rendered his Report and Recommendation. (Dkt. 13). The Magistrate found that the plaintiff did not have a severe mental impairment but recommended that the case be remanded for an evaluation of whether plaintiff's mental and physical condition would affect his ability to perform his former job or other work. (*Id.* at 4–6). The Court adopted the Magistrate's Report and Recommendation and remanded the case to the Secretary for additional proceedings not inconsistent with the Report and Recommendation. (Dkt. 17).

Plaintiff thereafter submitted a bill of costs pursuant to Local Rule 6.1 A(1) seeking the taxation of costs by the Clerk against the Secretary. (Dkt. 18). The Secretary opposed the taxation of costs, contending that costs should not be awarded at this stage of the case because it could not be presently determined whether the plaintiff was the "prevailing party." (Dkt. 20). The Clerk awarded $60.00, the filing fee for this action, as costs against the Secretary on the authority of *Knox v. Schweiker*, 567 F.Supp. 959 (D.Del.1983). The Secretary then filed a motion to review the taxation of costs. (Dkt. 22).

**Discussion**

This Court held in *Knox v. Schweiker*, 567 F.Supp. 959 (D.Del.1983), that a plaintiff, who on appeal from a denial of social security benefits succeeds in obtaining a remand of his case, is entitled to an award of costs as a "prevailing party" under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982) (the "EAJA").[1] The Court takes this opportunity to review the soundness of that holding.

After surveying the emerging case law, the Court in *Knox* stated its rationale for holding that the petitioner was a prevailing party:

Because of the ALJ's failure to make specific findings and to discuss all of the evidence, the only relief this Court is empowered to grant is the remand for

reconsideration which plaintiff requested. Plaintiff should not be forced to bear the costs necessarily incurred to secure her right to have the administrative law process operate in its intended fashion. Since the plaintiff received essentially all of the relief requested that this Court had authority to render, the plaintiff is a "prevailing party" for the purpose of taxation of costs under the EAJA. Plaintiff's motion for taxation of costs will be granted.

*Knox v. Schweiker*, 567 F.Supp. at 964. Although *Ceglia v. Schweiker*, 566 F.Supp. 118 (E.D.N.Y.1983), and *Gross v. Schweiker*, 563 F.Supp. 260 (N.D.Ind.1983), support the *Knox* holding, I have concluded that *Knox* was wrongly decided and that the determination of prevailing party status at the time of remand is premature.

Legislative history demonstrates that Congress intended the term "prevailing party" to be interpreted in a manner "consistent with the law that has developed under existing [fee shifting] statutes." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. & Ad. News 4953, 4984, 4990. Under most fee shifting statutes a litigant does not become a prevailing party until he establishes entitlement to some relief on the merits of his claim. In *Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (per curiam), the Supreme Court held that under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, a party who obtains a new trial and favorable discovery rulings is not a prevailing party:

As a practical matter they are in a position no different from that they would have occupied if they had simply defeated the defendants' motion for a directed verdict in the trial court. The jury may or may not decide some or all of the issues in favor of the respondents. If the jury should not do so on remand in these cases, it could not seriously be

---

1. *Knox* also held the EAJA applicable to social security disability cases. The Secretary apparently accepts that holding and does not contest

the applicability of the EAJA. *See also Cole v. Secretary of Health and Human Services*, 577 F.Supp. 657 (D.Del.1983).

contended that the respondents had prevailed.

*Id.* at 758–59, 100 S.Ct. at 1990. *See also Swietlowich v. Bucks County,* 620 F.2d 33 (3d Cir.1980) (per curiam). The *Hanrahan* definition of "prevailing party" has been held applicable to social security disability claimants asserting rights under the EAJA. *See McGill v. Secretary of Health and Human Services,* 712 F.2d 28, 30–31 (2d Cir.1983).

A social security disability claimant has one central overriding interest—an award of disability benefits. As the *McGill* court explained:

> [T]he ultimate relief to which a social security claimant is normally entitled is not a vindication of procedural rights but an award of benefits for a claimed disability. While it is true that a favorable ruling on plaintiff's claim that the ALJ should have conducted a more thorough hearing may ultimately affect the outcome on the merits of plaintiff's disability claim, nevertheless, her procedural claim is not a matter on which plaintiff can be said to prevail for the purpose of [the EAJA].

*McGill,* 712 F.2d at 32. Thus, until and unless there is an award of benefits, a social security disability claimant is not a prevailing party for purposes of EAJA. The *Knox* rationale, that the plaintiff had "received essentially all of the relief requested that the Court had authority to enter," failed to recognize that the central relief sought, disability benefits, was yet to be awarded. At best, Wade has prevailed on a procedural aspect of his case which might ultimately aid him in receiving disability benefits on remand. He may never actually receive those benefits. If the *Knox* rule were followed here and costs awarded, but Wade were ultimately not to receive benefits, the Court would have awarded costs to a losing party.

The conclusion is inescapable that to determine prevailing party status of most

social security disability cases at time of remand would be premature.[2] Plaintiff's possible right to future recovery of costs under the EAJA need not, however, be jeopardized. The Court will reverse the Clerk's award of costs, reserve jurisdiction, and grant leave to bring on a new motion if and when it is firmly established that plaintiff has prevailed on his claim for disability benefits. To the extent this procedure is inconsistent with that set forth in *Knox v. Schweiker,* it is overruled.

An Order will be entered in accordance with this opinion.

---

**2.** It is possible that in specialized circumstances not present here a determination of prevailing party status at time of remand might not be premature, as for example, where an individual suit serves as a "catalyst in clarifying the Secretary's procedures." *McGill,* 712 F.2d at 32.