**Floy STEFFENS, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83 C 5823.**

United States District Court, N.D. Illinois, E.D.

Feb. 14, 1985.

Robert C. Kielian, Wheaton, Ill., for plaintiff.

Gregory C. Jones, Acting U.S. Atty. by Linda A. Wawzenski, Asst. U.S. Atty., Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

Before the Court is the plaintiff's motion for an award of attorneys' fees under the

Equal Access to Justice Act (the EAJA), 28 U.S.C. § 2412. This motion arose out of an action remanded to the defendant Secretary of Health and Human Services (the Secretary) for further evidentiary proceedings regarding the plaintiff's application for widows' disability insurance benefits pursuant to 42 U.S.C. § 402(e)(1)(B)(ii). For the reasons stated herein, the motion is denied.

### DISCUSSION

■ The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorneys' fees and expenses, in addition to costs, "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances made an award unjust." 28 U.S.C. § 2412(d)(1)(A) (1982). Thus, to support a motion for attorneys' fees, two important prerequisites must be set forth: (1) the court must determine that the claimant was a "prevailing party;" and, (2) that after the claimant has prevailed, the court must further find that the position of the government was not "substantially justified" and that no "special circumstances" make an award of fees unjust.

#### 1. *The Prevailing Party Requirement*

■ Plaintiff argues that the purpose of the EAJA in awarding attorneys' fees is to correct inequities in civil actions between the United States and private litigants so that the parties would be on a more even footing. Plaintiff concludes that the remand in her case based on the ALJ's failure to develop a complete record is a proper situation for awarding attorneys' fees under the EAJA. Defendant argues that attorneys' fees under the EAJA should be awarded only if the claimant is actually awarded benefits. Defendant concludes that attorneys' fees for the remand in this case are inappropriate because the plaintiff did not prevail on the merits and has not yet been awarded benefits.

The plaintiff relies on *Gross v. Schweiker*, 563 F.Supp. 260 (N.D.Ind.1983), which allowed an award of attorneys' fees under the EAJA after the district court reversed and remanded the case to the Secretary for a new hearing and "fresh findings and conclusions." As practical as the *Gross* reasoning is, we decline to follow it because it is too broad an interpretation of the EAJA. The *Gross* court rejects what might be called an "on-the-merits" test. Under this test, claimants are only awarded attorneys' fees when they have received benefits under the Social Security Act and thereby prevailed on the merits of the claim. It is clear that *Gross* embraces the minority view.

Contrary to the *Gross* case, several Circuit Courts of Appeals have embraced the majority view in holding that the plaintiff is not a prevailing party simply because she obtained a remand. The leading case is *McGill v. Secretary of Health and Human Services*, 712 F.2d 28 (2d Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). In *McGill*, the Second Circuit held that a claimant whose case is remanded to the Secretary for the taking of additional evidence is not a prevailing party under EAJA. *Id.* at 32. The court reasoned that a claimant will not become a prevailing party until a claimant is awarded the benefits sought. *Id.* Similarly, in *Cook v. Heckler (Secretary of Health and Human Services)*, 751 F.2d 240 (8th Cir. 1984), the court found that it is not enough for an award of attorneys' fees under the EAJA for a Social Security claimant to have won a remand to the Secretary for further evidentiary proceedings. It is the receipt of these benefits that renders a typical Social Security claimant a prevailing party. *Id.* at 241. "When a court vacates an administrative decision and remands the matter for reconsideration, the successful party generally should not recover attorneys' fees at that particular time since the claimant's rights and liabilities have not yet been determined." *Brown v. Secretary of Health*

*and Human Services,* 747 F.2d 878 at 883 (3rd Cir.1984).

In the instant case, the ALJ determined that the plaintiff's condition did not meet the Listing of Impairments. This Court noted that "the ALJ's observations may indeed be valid" but determined that further evidentiary proceedings are necessary. *Steffens v. Heckler,* No. 83 C 5823, slip op. at 2 (N.D.Ill. June 25, 1984). This Court did not seek to reverse the Secretary, but only to remand the case for further hearings. The plaintiff still has no certainty of ultimately receiving benefits. Though the ALJ failed to fulfill his duty to fully develop a complete administrative record, there is no reason to find the plaintiff a prevailing party under the "on-the-merits" test.

The Court adopts the court's reasoning in *McGill* and its narrow interpretation of the EAJA. The Court holds that no claimant who attains a remand is a prevailing party under the majority view, the "on-the-merits" test. Should the plaintiff prevail on remand, then her fee request was simply premature. If the plaintiff should not prevail, she will not receive attorneys' fees. Since the Court finds that the plaintiff may be granted or denied benefits on remand, it is not inconsistent with its interpretation of the EAJA to hold that a claimant who receives a remand from the district court is not a prevailing party.

We join the Second, Third, and Eighth Circuits in holding that the claimant here may not recover attorneys' fees and costs under the EAJA since she is not a prevailing party. Since the claimant is not a prevailing party, the issue of whether the government was substantially justified need not be addressed. Accordingly, the plaintiff's motion for an award of attorneys' fees is denied.

## CONCLUSION

For the reasons stated above, the plaintiff's motion for attorneys' fees is denied.

IT IS SO ORDERED.