Joseph D. SMITH, Deborah E. Smith, Plaintiffs,

v.

LAW OFFICES OF MITCHELL N. KAY, Defendant.

Civ. A. No. 90–316–JLL.

United States District Court, D. Delaware.

April 11, 1991.

O. Randolph Bragg, UAW Legal Services Plan, Newark, Del., for plaintiffs.

Elwyn Evans, Jr., Evans & Evans, Wilmington, Del., for defendant.

LATCHUM, Senior District Judge.

Presently before the Court is the plaintiffs' motion for a supplemental award of attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) of the Fair Debt Collection Practices Act ("FDCPA"). (D.I. 26 & 27). The defendant opposes the plaintiffs' motion on the grounds that the plaintiffs were not prevailing parties in the post trial phase of the proceedings, or in the alternative, that the plaintiffs have already been adequately compensated by the Court's earlier award of attorney's fees. (D.I. 29).

## FACTS

After a jury trial on October 22, 1990, the Court entered judgment in favor of the plaintiffs in the following amounts: $15,000.00 actual damages, $1,000.00 statutory damages, $120.00 costs, and $1,365.00 reasonable attorney's fees. (D.I. 12). The defendant did not appear or in any way defend the suit at the pretrial and trial phases. (*Id.*). The defendant's first effort to defend this suit occurred on November 1, 1990 when it filed a motion for new trial. (D.I. 14).

On February 12, 1991 the Court issued an Order and Memorandum Opinion that stated that a new trial would be granted solely because the jury's award of actual damages was excessive and shocking to the

judicial conscience. 124 B.R. 182 (D.Del. 1991). (D.I. 22 & 23). In the alternative, the Court gave the plaintiffs leave to remit $12,000.00 of the actual damages award, in which event, the Court would deny the motion for new trial. (*Id.*) On March 1, 1991 the plaintiffs filed a remittitur with the Clerk of the Court. (D.I. 24). Therefore, in accordance with its February 12 Memorandum Opinion and Order, the Court entered a Final Judgment After Remittitur denying the defendant's motion for a new trial. (D.I. 25). The plaintiffs ultimately received a $3,000.00 award for actual damages that, under the facts and law of the case, was the maximum the Court could allow without shocking its conscience. (D.I. 22, 23 & 25).

The plaintiffs now seek supplemental attorney's fees for the costs incurred defending against the defendant's motion for new trial, complying with the Court's Order of February 12, 1991, and making the present motion for supplemental attorney's fees. (D.I. 26 & 27). The supplemental fee request is for $1,665.00 which is the product of 11.1 hours at a rate of $150.00 per hour.[1] (D.I. 26).

## DISCUSSION [2]

■ Under § 1692k of the FDCPA a plaintiff in "any successful action to enforce the" FDCPA is entitled to "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Put differently, a plaintiff is entitled to an attorney's fee if he is the "prevailing party." A plaintiff is a "prevailing party" if he is successful on a significant issue in the litigation that brings him benefit. *Texas State Teachers Ass'n v. Garland Indepen-*

*dent School Dist.,* 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Fletcher v. O'Donnell,* 729 F.Supp. 422, 425 (E.D.Pa. 1990). The Smiths are certainly prevailing parties in the present litigation; the defendant has been adjudged liable for violating the FDCPA and must pay the plaintiffs $3,000.00 in actual damages and $1,000.00 in statutory damages. This conclusion would be the same even if the Court accepted the defendant's characterization of the Court's February 12, 1991 Memorandum Opinion and Order.

■ Assuming, *arguendo,* the Court's February 12 Opinion and Order should be seen as an order for a new trial, which the plaintiffs opposed and lost, this characterization of the Order would not change the plaintiffs' status as "prevailing parties." The new trial would still have been confined to the issue of damages. Due to the default judgment entered against the defendant on the issue of liability, the plaintiffs would have retained their right to relief and their status as "prevailing parties." In any event it is this right to relief that triggers the right to reasonable attorney's fees. *Institutionalized Juveniles v. Secretary of Public Welfare,* 758 F.2d 897, 910 (3d Cir.1985) (no right to attorney's fees attaches until a plaintiff has won a right to relief); *Wade v. Heckler,* 587 F.Supp. 492, 493 (D.Del.1984) (same). This point may be academic because, as the Court has pointed out, no new trial was in fact necessary. Having thus concluded that the plaintiffs are "prevailing parties" and are entitled to attorney's fees, the

---

**1.** The Court calculates that 11.1 hours at $150.00 per hour is $1,665.00. In their Notice of Motion (D.I. 26) the plaintiffs apparently miscalculated the total number of hours worked and therefore came up with a request for $1,695.00. The Court will rely on its own calculations and assume that the plaintiffs intended to request an award for 11.1 hours and not 11.3 hours.

**2.** Out of necessity, and in accordance with common practice, the Court's discussion of the FDCPA's attorney's fee provision will rely on case law that discusses similar provisions in other statutes. The Supreme Court has endorsed this practice, whereby, case law discuss-

ing an attorney's fee provision in one statute is applied to a second statute with similar language. *Independent Federation of Flight Attendants v. Zipes,* 491 U.S. 754, 758 n. 2, 109 S.Ct. 2732, 2735 n. 2, 105 L.Ed.2d 639 (1989) (citing *Northcross v. Memphis Bd. of Education,* 412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1973)); *Hensley v. Eckerhart,* 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983); *Perez v. Perkiss,* 742 F.Supp. 883, 887 & n. 5 (D.Del.1990) (quoting *Independent Federation of Flight Attendants v. Zipes,* 491 U.S. 754, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989)).

Court must next consider what award of attorney's fees would be "reasonable." *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939.[3]

### 1. *Fees Incurred Defending Against the Motion for New Trial*

The starting point for calculating a "prevailing party's" attorney's fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. This is the lodestar. But "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* at 434, 103 S.Ct. at 1940. "Again, the most critical factor is the degree of success obtained." *Id.* at 436, 103 S.Ct. at 1941. The defendant argues that the Court's Memorandum Opinion and Order of February 12, which were issued in response to the motion for new trial, constituted a "loss" for the plaintiffs. The defendant reaches this conclusion because the plaintiffs were given a choice by the Court between remitting $12,000.00 or facing a new trial. Thus characterized, the defendant concludes that the plaintiffs are not entitled to attorney's fees for the time spent defending against the motion for new trial because this was a poor result for the plaintiffs. The defendant's argument misapplies the law and mischaracterizes the post trial proceedings in this case.

In *Hensley* the Supreme Court held that it was unreasonable to award attorney's fees for time spent on unsuccessful *claims* if those claims were distinct and separable from the successful portions of the litigation. *Id.* at 434–37, 103 S.Ct. at 1940–42. The Supreme Court did not hold that an award of attorney's fees should be reduced for each motion or issue lost. "Ordinarily, a plaintiff may recover fully even when she does not prevail on all issues, as long as

she attains the desired result." *Fletcher,* 729 F.Supp. at 430 (citing *Hensley,* 461 U.S. at 435–36, 103 S.Ct. at 1940–41).

In the present case, the Smiths accepted a substantial remittitur. This does not change the fact that the Smiths have been successful in all their *claims* against the defendant and are entitled to damages. Nor does the plaintiffs' willingness to remit $12,000.00 of their actual damages award suggest that a reduction of attorney's fees is appropriate. The remittitur was not due to any failing on the part of plaintiffs' attorney. On the contrary, the award agreed to by the plaintiffs was the greatest amount the plaintiffs could have recovered under the circumstances of this case. Additionally, when a plaintiff is forced to defend an award, it is particularly inappropriate to deny the plaintiff the costs of this defense simply because it resulted in a reduction of the total award. *Ustrak v. Fairman,* 851 F.2d 983, 990 (7th Cir.1988).

For the above reasons, the Court concludes that the plaintiffs are entitled to reasonable attorney's fees for the time spent by their attorney, O. Randolph Bragg, Esq. of the UAW Legal Services Plan, defending against the defendant's motion for new trial. Specifically, the Court finds that the 7.1 hours expended by Mr. Bragg between November 2, 1990 and January 7, 1991, defending against the defendant's motion for new trial, are reasonable. The Court further finds that Mr. Bragg's hourly rate of $150.00 per hour is reasonable compensation for an attorney of Mr. Bragg's skill and experience. *Perez v. Perkiss,* 742 F.Supp. 883, 888 (D.Del.1990) (the Court found that Mr. Bragg's hourly rate of $150.00 was reasonable); *Hubbard v. Law Offices of Mitchell N. Kay,* C.A. No. 90–349–JLL, slip op. at 1–2 (D.Del. December 28, 1990) (same). The plaintiffs are therefore entitled to $1,065.00 in supplemental attorney's fees incurred defending against the defendant's motion for new trial.

---

**3.** "That the plaintiff is a 'prevailing party' therefore may say little about whether the expenditure of counsel's time was reasonable in relation

to the success achieved." *Id.* at 436, 103 S.Ct. at 1941.

2. *Fees Incurred Complying with the Court's Order of Remittitur*

■ Reasonable attorney's fees arising from work done after the entry of judgment by a court, in an effort to protect a judgment, or enforce a court decree, are compensable under fee shifting statutes. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986) [hereinafter *Delaware Valley* ]. In *Delaware Valley,* the Supreme Court held that a private citizens' group was entitled to attorney's fees under the Clean Air Act for time spent by its attorney after a consent decree had been entered. According to the Supreme Court, the Clean Air Act's fee shifting provision covered time spent by plaintiff's attorney monitoring the defendant's compliance, submitting comments to proposed regulations, and participating in agency hearings. As the Supreme Court itself stated:

> We hold, therefore, that the fact that the work done by counsel [described above] did not occur in the context of traditional judicial litigation does not preclude an award of reasonable attorney's fees under [the fee shifting provision] for the work done during these portions of the present action.

*Delaware Valley,* 478 U.S. at 560, 106 S.Ct. at 3096.

In the present case, Mr. Bragg's preparation of the remittitur was both useful and necessary to secure the result obtained by the plaintiffs. By filing the remittitur, the plaintiffs protected a $3,000.00 actual damages award that was the largest recovery possible under the circumstances. Further, the defendant has not specifically objected to the time spent on the remittitur. The Court therefore concludes that it is within its discretion to award reasonable attorney's fees to the plaintiffs for the time spent by Mr. Bragg on the remittitur issue.

From February 13, 1991 to February 22, 1991, Mr. Bragg spent a total of 1.3 hours on the remittitur issue. The Court concludes that this was a reasonable amount of time and will award the plaintiffs an additional $195.00 in supplemental attorney's fees.

3. *Fees Incurred Litigating Attorney's Fees*

■ Fees incurred by a prevailing party in an effort to recover reasonable attorney's fees are themselves recoverable if reasonable. *Institutionalized Juveniles,* 758 F.2d 897, 924–25 (3d Cir.1985); *Bagby v. Beal,* 606 F.2d 411, 415–16 (3d Cir.1979); *Prandini v. National Tea Co.,* 585 F.2d 47, 53–54 (3d Cir.1978). From February 28 to the present, Mr. Bragg has spent 2.7 hours on the attorney's fee issue. The Court concludes that this amount of time is reasonable. Mr. Bragg has been successful in pursuing the claim for supplemental attorney's fees. Therefore, no reduction in the lodestar is appropriate, and the plaintiffs will be awarded an additional $405.00 in supplemental attorney's fees for the time spent on this issue.

### CONCLUSION

The Court will enter a judgment in favor of plaintiffs and against the defendant in the amount of $1,665.00 for supplemental attorney's fees. This amount is the full award requested by the plaintiffs for the 11.1 hours of work done by their attorney on this case from November 2, 1990 to the present.[4]

---

4. *See supra* note 1.