**John HANEY, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 82 C 7714.**

United States District Court, N.D. Illinois, E.D.

Sept. 10, 1984.

Robert M. Hodge, Chicago, Ill., for plaintiff.

Eileen M. Marutzky, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge.

This action was brought under 42 U.S.C. § 405(g) for review of the termination of plaintiff's Social Security Disability Benefits. On January 26, 1984, this court remanded the case to the Secretary of the Department of Health and Human Services for further consideration of whether plaintiff's mental retardation, coupled with his other impairments, renders him incapable of engaging in substantial gainful activity, despite demonstrated improvements in his physical condition since the initial disability determination in 1973. The case is now before the court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"). Section 2412(d)(1)(A) is applicable to this case, as its repeal affects only those cases filed after October 1, 1984.

Under this provision, a "prevailing party" may recover fees and expenses in a civil action brought by or against the United States unless the court finds that the position of the United States was substantially justified or that other special circumstances would make a fee award unjust. Plaintiff claims that because his federal action resulted in a remand to the Secretary, he is a "prevailing party" under the EAJA. Further, plaintiff claims that the position of the Secretary in this case was not substantially justified, as she ignored one of her own policy statements regarding mental retardation. Finally, plaintiff claims that no special circumstances render the award unjust in this case.

As is required under the EAJA, plaintiff has submitted an itemized statement of the time expended in this case, the rate at which fees were computed, and the total fee requested. Plaintiff has correctly demanded fees only for the time spent representing plaintiff in the district court. *Berman v. Schweiker*, 713 F.2d 1290, 1293 (7th Cir.1983); *Cornella v. Schweiker*, 728 F.2d

978, 988 (8th Cir.1984). Plaintiff's attorney, Robert Hodge, requests a total fee of $1,650.00.

The Secretary's response, filed almost three months after the petition was filed, contains numerous objections to plaintiff's petition. The court will now consider these objections.

*EAJA's Applicability to Fees in § 405(a) Cases*

■ The Secretary argues that:
When attorneys' fees are specifically provided for by the Social Security Act, the EAJA cannot operate as an additional or alternative source of attorney fee awards. Section 206(b)(1) of the Social Security Act provides for attorneys' fees where, as here, a plaintiff has prevailed in a claim for past-due benefits.

(Memorandum in Opposition to Fee Petition p. 2.) Observing that § 406(b)(1) provides that where the court awards attorney's fees, "no other fees may be payable," and that the EAJA provides for fee awards "[e]xcept as otherwise specifically provided by statute," the Secretary concludes that fees under the EAJA are inappropriate in this case.

In *Berman v. Schweiker*, 531 F.Supp. 1149, 1151 (N.D.Ill.1982), *aff'd on other grounds*, 713 F.2d 1290 (7th Cir.1983), a court in this district squarely rejected this argument. (The Secretary declined to appeal the issue of whether the EAJA applied to Social Security disability cases. 713 F.2d at 1294 n. 12.) The Eighth Circuit has recently joined the Fourth, Ninth, and the Second Circuits in finding that the EAJA applies to Social Security Act cases. *Cornella v. Schweiker*, 728 F.2d 978, 987 (8th Cir.1984); *Wolverton v. Heckler*, 726 F.2d 580 (9th Cir.1984); *Guthrie v. Schweiker*, 718 F.2d 104, 107–08 (4th Cir.1983); *McGill v. Secretary*, 712 F.2d 28, 30 (2d Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). A clear reading of the two statutes demonstrates that this conclusion is incontestable. Section § 406(b) does not shift fees to the government, but regulates the private fee arrangements of the claimant and his or her attorney. The legislative history of the EAJA reveals that the Act's conditional language addresses other fee-shifting statutes. That no other fee is payable further regulates these private arrangements, ensuring that the claimant's attorney does not ask for fees additional to the statutory maximum. (Indeed, criminal sanctions are prescribed for violations of this provision. 42 U.S.C. § 406(b)(2).) The court concludes, therefore, that the EAJA is applicable to cases brought under § 405(g).

*Timeliness of Plaintiff's Petition*

■ The Secretary argues that plaintiff's fee petition was not filed "within thirty days of final judgment," as is required under § 2412(d)(1)(B). This court's memorandum opinion and order was dated January 26, 1984, and the fee petition filed on March 13, 1984. The court agrees with plaintiff that in this case, "final judgment" was upon the expiration of the government's time to appeal, which in this case is 60 days after the district court decision. Fed.R.App.P. 4(a)(1). The petition is therefore timely.

The holding of and strong language in *McDonald v. Schweiker*, 726 F.2d 311 (7th Cir.1983), renders almost frivolous the Secretary's position on the timeliness issue in this case. In *McDonald*, the claimant filed a fee petition within 30 days of a voluntary dismissal of the Secretary's appeal. The Court held that the "final decision" under the EAJA meant the completion of appellate proceedings. 726 F.2d at 315. Where no appeal is filed, the completion of appellate proceedings is simply the expiration of the time in which to appeal.

The Secretary distinguishes this case with that in *McDonald*, in effect arguing that claimants must be forced to guess whether the Secretary will appeal or not. However, no principled distinction can be made between the case in *McDonald* and that before the court, allowing a petition in the former after the disposition of an appeal, but rejecting a petition in the latter before expiration of the time in which an appeal must be filed where no appeal was subsequently taken. Such a result in the

latter case would equally "deliver[ ] into the hands of the government a potent, acknowledged, and from the standpoint of the policy of the Equal Access to Justice Act perverse weapon for discouraging meritorious fee applications." *McDonald*, 726 F.2d at 315. According to the Seventh Circuit, an "exquisite dilemma" is presented when the attorney must determine whether to file a petition that would render more likely an appeal before the Secretary's appeal time has expired. That Court clearly held that the EAJA was not meant to create such a dilemma, and this court is unaware of any reason why claimants should be forced to confront it in the case where the government chooses not to appeal.

*Plaintiff as Prevailing Party*

In order to recover fees, plaintiff must demonstrate that he is a "prevailing party" under the EAJA. The Secretary argues that plaintiff is not a prevailing party (although, the court notes, plaintiff is described as such on page 2 of its responding memorandum.) The cases on this issue are split. The Second Circuit has held that a district court's remand to the Secretary to take more evidence did not render the claimant a prevailing party. *McGill v. Secretary*, 712 F.2d 28 (2d Cir.1983). There, as here, the court found that the Secretary did not consider all of the evidence pertinent to its determination that the claimant was not entitled to benefits. In so ruling, the *McGill* Court found that:

> Regardless of the wording of the complaint or the actual relief sought in the district court, generally speaking, a social security claimant prevails when it is determined that she is entitled to benefits. Unlike a plaintiff who files a lawsuit alleging violations of a procedural due process right and seeks compensation for that deprivation, [citations omitted], the ultimate relief to which a social security claimant is normally entitled is not vindication of procedural rights but an award of benefits for a claimed disability. While it is true that a favorable ruling on plaintiff's procedural claim that the ALJ should have conducted a more

thorough hearing may ultimately affect the outcome on the merits of plaintiff's disability claim, nevertheless, her procedural claim is not a matter on which plaintiff can be said to prevail for the purpose of shifting counsel fees.

The Court relied on the Supreme Court's decision in *Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (per curiam), reversing the granting of fees under the Civil Rights Act of 1976, 42 U.S.C. § 1988, to parties who had prevailed on appeal in obtaining reversal of the district court's directed verdict for defendants and two unfavorable discovery rulings. There, the Supreme Court found that while a person may be a § 1988 prevailing party short of final judgment on the merits, fee awards are appropriate only where "a party ... has established his entitlement to some relief on the merits of his claims." *Id.* at 756–57, 100 S.Ct. at 1988–89. Since the jury may ultimately decide some or all of the issues in favor of defendants, "it could not seriously be contended that the respondents had prevailed." *Id.* at 760, 100 S.Ct. at 1990. *See also Roman v. Schweiker*, 559 F.Supp. 304 (E.D.N.Y.1983) (EAJA claim; remand for further evidence); *Miller v. Schweiker*, 560 F.Supp. 838, 840 (M.D.Ala.1983) (same).

Most of the cases cited by plaintiff for the proposition that he is a prevailing party resulted in findings that plaintiffs were entitled to past or future benefits. Of those that resulted simply in a remand for the taking of further evidence, many did not address the issue of whether the claimant was a prevailing party. *See Ocasio v. Schweiker*, 540 F.Supp. 1320 (S.D.N.Y. 1982); *Vega v. Schweiker*, 558 F.Supp. 52 (S.D.N.Y.1983). The two cases explicitly holding that a claimant obtaining a remand is a prevailing party under the EAJA did not discuss the Supreme Court's *Hanrahan* decision or other analogous § 1988 cases. *See Ceglia v. Schweiker*, 566 F.Supp. 118 (E.D.N.Y.1983); *Gross v. Schweiker*, 563 F.Supp. 260 (N.D.Ind.1983).

The court must therefore decide the applicability of the *Hanrahan* decision to the facts presented in this case. There, the district court's directed verdicts for the defendants were reversed and the case remanded. Costs and attorney's fees were awarded the plaintiffs for their efforts in successfully prosecuting the appeal. The Supreme Court conceded that § 1988 contemplated fee awards *pendente lite*, but found that congressional intent was to allow such an award "only to a party who has established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal." 446 U.S. at 757, 100 S.Ct. 1989. As an example, the Court noted two cases in which liability had been established, although remedial orders had not yet been entered. The legislative history of § 1988 allows that awards *pendente lite* are especially appropriate where a party has prevailed on an important matter in the litigation, although he or she may not ultimately prevail on all issues. *Id.* Explaining that the *Hanrahan* plaintiffs were in no better position than if they had defeated defendants' motion for a directed verdict, the Court concluded that they were not § 1988 prevailing parties.

*Smith v. University of North Carolina,* 632 F.2d 316, 346–47 (4th Cir.1980), is analogous to *Hanrahan,* although there, the plaintiff lost her claims of sex discrimination. The district court, however, awarded her costs and attorney's fees for her prevailing on a preliminary injunction, preserving her employment until the conclusion of the litigation. The Fourth Circuit reversed, noting that to prevail, a party must demonstrate in an "enduring way" her entitlement to some right or relief. *See also Grubbs v. Butz,* 548 F.2d 973 (D.C.Cir.1976) (discrimination plaintiff not entitled to fees for prevailing on issue of exhaustion of administrative remedies).

The court is persuaded, however, that these cases are inapplicable to the present case. Here, the plaintiff's claims were originally presented to an executive agency, with an appeal to the district court through the filing of a new and separate civil action. The civil action starts in the district court and is not simply a continuation of the executive action. Indeed, the executive action is deemed to be non-adversarial under the EAJA, *Cornella,* 728 F.2d at 988, and the district courts are limited to granting fees only for representation in the district court, and not in the Secretary's proceedings, *Berman,* 713 F.2d at 1296; *Cornella,* 728 F.2d at 988. By the time the claimant files the district court action, the Secretary has made a final decision on her or his case, the executive action is completed, and a new, civil suit is started. Similarly, in remanding for further proceedings, instead of reversing outright, the district court still finally decides the issues in its action. Often remand is all that is requested in § 405(g) suits; moreover, where substantive relief is requested, often the state of the administrative record makes impossible any relief other than remand.

In this case, the plaintiff claimed that the ALJ's decision was not based on substantial evidence, and requested a reversal or modification of the decision or, in the alternative, a remand for further proceedings. (Complaint ¶ 5.) The court has granted most of the relief requested by finding on the present record that the Secretary may not terminate plaintiff's benefits, and by remanding the case. Hence, plaintiff has prevailed in this civil action in a way that the plaintiffs in *Hanrahan* and *Smith,* whose civil complaints requested damages and equitable relief, did not.

Another court in this circuit, in holding that a claimant achieving a remand to the Secretary was an EAJA prevailing party, similarly found that "[t]he plaintiff obtained substantially the relief requested and under the facts of this case, the extent of relief this court had the authority to render." *Gross,* 563 F.Supp. at 262. *See also Ceglia,* 566 F.Supp. at 121–22 (governed by *McGill*). There, as here, reversal was not possible as the factual record was incompletely developed in the executive proceedings. The court in *Gross* noted:

> One of the purposes of the EAJA was to encourage the vindication of rights and

correction of unlawful activities by agencies of the United States. To deny attorney fees to plaintiffs who cannot obtain the award of benefits sought under the Social Security Act from the court because of the administrative agency's failure to fulfill its duties imposed by law is certainly inconsistent with that purpose. Thus, a remand in such a situation is the only relief available to the plaintiff.

*Id.* The court adds the reminder that the EAJA allows fees to prevailing parties not only where the United States' position was wrong, but wrong without substantial justification.

The court therefore concludes that *Hanrahan* and its progeny are not applicable to this case.[1] Having obtained a ruling that the administrative decision was not supported by substantial evidence and having obtained part of the relief sought, plaintiff has achieved "some of the benefit [he] sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (citing *Nadeau v. Helgemoe,* 581 F.2d 275, 278 (1st Cir.1978)). Hence, he is a prevailing party under the EAJA.

*Substantial Justification*

 To prevent an award of fees to plaintiff in this case, the Secretary must prove that she was substantially justified in her "position" in this case or that special circumstances otherwise would render an award of fees unjust. *Cornella,* 728 F.2d at 983. The Secretary makes no argument with respect to the latter defense to fees, and hence this has not been shown. The court will therefore address whether the government has met its burden of proof with respect to the former.

The Seventh Circuit has described the standard of "substantial justification" as follows:

"[S]ubstantially justified" does not mean "nonfrivolous"; that is the standard the government urged, and Congress rejected. [Citation omitted.] It means that the government must have a solid though not necessarily correct basis in fact and law for the position that it took in this action.

*McDonald v. Schweiker,* 726 F.2d at 316. The court has found that the position of the government in this action clearly did not have a correct basis in law, and further finds that neither did it have a solid basis. The plaintiff in this case was found disabled as of December 31, 1970, due to "very unstable juvenile diabetes mellitus; spinal bifida deformity of the first sacral segment of the spine; [and] borderline range of intellectual functioning." *See Report and Recommendation,* No. 82 C 7714, slip op. at 1 (Magistrate Balog, Dec. 16, 1983). In terminating plaintiff's benefits, the ALJ took evidence on physical improvements, but did not mention plaintiff's mental functioning. According to the Secretary's own policy statements, the evidence before the ALJ, indicating that plaintiff's I.Q. score was 71 in March 1973, suggests that the plaintiff may have a severe mental impairment. SSR 82–54 & 55 (I.Q. of 80 or more is not considered severe). Under these policy statements, the ALJ should have examined this low score, and determined whether it was incompatible with plaintiff's current behavior. The court notes that in this case, the ALJ should have been especially aware of the importance of this score, since plaintiff had experienced repeated episodes of hypo-

---

**1.** A second distinction is that § 1988 allows fees to any prevailing party essentially as a matter of course. The EAJA, however, requires that the United States fail to show substantial justification or other special circumstances before a fee would be allowed. The legislative history of the EAJA reveals that it was intended to diminish the deterrent effect of the "expense involved in seeking review of, or defending against, unreasonable government action." *Foley Construction Co. v. U.S. Army Corps of Engineers,* 716 F.2d 1202, 1203 (8th Cir.1983) (citing H.R.Rep. No. 1418, 96th Cong., 2d Sess. 5–6, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984). The government carries the burden of demonstrating substantial justification, which creates a middle ground between § 1988 and the "American Rule," *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Hence, it is likely that "prevailing party" was not meant to be interpreted as narrowly in the EAJA as in § 1988.

glycemia which necessitated emergency room treatment. In most of these cases, the plaintiff had failed to eat properly or take insulin as prescribed by his physician. Hence, the mental impairment, in addition to limiting the range of intellectual work the plaintiff could handle, apparently has an adverse impact on his ability to comply with prescribed treatment and thereby control his physical impairments.

The ALJ's ignoring of the I.Q. score was therefore not substantially justified. The administrative record omits consideration of an important aspect of plaintiff's impairment and the initial determination plus facts in the record (the I.Q. score and the several episodes of plaintiff's inability to care for himself) clearly demonstrate that the failure to note and examine this point was without justification. As the underlying action was legally unjustifiable, the court concludes that the Secretary's litigation position was without substantial justification as well. *See Foley Construction Co. v. U.S. Army Corps of Engineers,* 716 F.2d 1202, 1204 (8th Cir.1983) (no functional difference between administrative position and litigation position).

*Amount of Fees*

The final issue to be determined is the amount of fees to be awarded. The Secretary has not attacked the time expended or the rate charged by plaintiff's attorney. The petition indicates that plaintiff's attorney Richard Hodge spent 20 hours prosecuting this case and 2 hours preparing the fee petition. These hours are reasonable, as is Hodge's rate of $75.00 an hour. The court will follow *Ocasio v. Schweiker,* 540 F.Supp. at 1323, and allow compensation for the preparation of the fee petition, but at the lower rate of $50.00 an hour. Plaintiff does not request the court, or argue that the court has the authority, to pay fees directly to his attorney. The court therefore orders the Secretary to pay $1,600.00 to plaintiff for his attorney's fees in this district court action.

It is so ordered.