**Willie MATHUS, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health & Human Services, Defendant.**

No. 84 C 1336.

United States District Court, N.D. Illinois, E.D.

April 27, 1987.

Daniel Galatzer, Chicago, Ill., for plaintiff.

Gail C. Ginsberg, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

Plaintiff has moved for attorney's fees pursuant to both the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") and § 206(b) of the Social Security Act, 42 U.S.C. § 406(b) (the "Act"). For the reasons stated below, plaintiff's motion for fees under the EAJA is denied and his motion for fees under 42 U.S.C. § 406(b) is granted.

### Facts

Plaintiff Willie Mathus was awarded a period of disability beginning on January 17, 1976. Plaintiff's benefits were terminated in 1982 when it was determined as a result of a periodic review that his disability had ceased. Reinstatement of his benefits was denied initially and on reconsideration. Plaintiff then requested a review by an administrative law judge ("ALJ"), who determined that he was not currently disabled under Title II of the Act and the Secretary's implementing decisions. The Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision.

Plaintiff then filed an action in this court seeking judicial review of the Secretary's decision, pursuant to Section 205(g) of the Act, 42 U.S. § 405(g). While this case was pending, Congress enacted the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984 Disability Amendments). Section 2 of the 1984 Disability Amendments requires that the Secretary apply a medical improvement standard to determine whether an individual's disability has ceased and his benefits should be terminated. The Court remanded this case for evaluation in accordance with Section 2, and on remand, based upon application of the medical im-

provement standard, plaintiff was found to be still disabled and his social security benefits were reinstated. Plaintiff then filed these motions for attorney's fees under the EAJA and for fees under 42 U.S.C. § 406(b).

## Discussion

Under the EAJA,

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for review of agency action brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412. The sole issue on plaintiff's petition for fees under the EAJA is whether plaintiff is a "prevailing party" within the meaning of the statute. Plaintiff claims that because his action in this court eventuated in a remand to the Secretary, which in turn resulted in a reinstatement of benefits, he is a prevailing party for purposes of the statute. The Secretary contends that since this court never reached the merits of the case, but remanded solely pursuant to a statutory mandate, plaintiff is not a prevailing party and is not entitled to attorney's fees.

The meaning of the term "prevailing party" appears to be the same under the EAJA as under other attorney's fees statutes, and under those statutes, a party "prevails" if he "wins a substantial part of what he sought." *Continental Web Press, Inc. v. NLRB*, 767 F.2d 321 (7th Cir.1985); *but see Haney v. Heckler*, 613 F.Supp. 12, 17 n. 1 (N.D.Ill.1984) ("prevailing party" not meant to be interpreted as narrowly under EAJA as in § 1988). Congress has established guidelines for determining whether a party has prevailed so as to be entitled to fees under the EAJA. The guidelines provide that the term prevailing party "should not be limited to a victim only after entry of a final judgment following a full trial on the merits." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.Cong. & Ad.News 4984, 4990.

This court has previously held that a party who secures a remand may, in appropirate circumstances, be considered a "prevailing party" for purposes of the EAJA. For example, in *Haney v. Heckler, supra,* a social security claimant who obtained a remand was found to be a prevailing party where the remand was based on the court's determination that the administrative decision was not supported by substantial evidence. *Id.* at 17. Similarly, in *Bohn v. Heckler*, 613 F.Supp. 232 (N.D.Ill.1985), the court held that the plaintiff was a prevailing party where it ordered remand because of "substantive defects" in the evaluation of the ALJ. *Id.* at 236. In *Bohn*, the court left intact the finding that the plaintiff was *prima facie* entitled to benefits, but invalidated the Secretary's rebuttal to that entitlement.

■ Both *Heckler* and *Bohn* are distinguishable from this case because both cases involved substantive remands based on the court's review of the merits, and thus were more closely analogous to outright reversals. In this case, by contrast, it was an amendment to the Social Security Act, and not the filing of the suit, which led to the reinstatement of plaintiff's benefits. Although this case was fully briefed at the time the Act was amended, this court never had occasion to address the merits of the case. Under the 1984 Disability Amendments, the Secretary was required to re-evaluate all termination cases in which a request for judicial review was then pending. Thus, this case was remanded for review pursuant only to a statutory mandate, and plaintiff's favorable decision was ultimately obtained solely as a result of the Secretary's application of new standards, as required by the 1984 Disability Amendments. *See Soper v. Heckler*, 754 F.2d 222, 225 (7th Cir.1985).

It would require an impermissible stretching of the imagination to conclude, as plaintiff urges, that plaintiff's lawsuit was a significant catalyst, or causal factor,

in bringing about the passage of the legislation which ultimately formed the basis of the award of benefits. Since the remand resulted from a change in the applicable law, and not from any litigation of the substantive issues by this court, plaintiff cannot be said to be a prevailing party within the meaning of the EAJA. For this reason, his motion for attorney's fees pursuant to the EAJA must be denied. *See also Krause v. Secretary of Dept. of Health & Human Services,* slip op., 84 C 3322 (N.D.Ill. Jan. 9, 1987).

Plaintiff has also moved for attorney's fees pursuant to Section 206(b)(1) of the Act, 42 U.S.C. § 406(b)(1), which authorizes the court to fix and determine a reasonable fee for representation of successful disability claimants in proceedings before the court. Section 206(b) is an exception to the $75 ceiling on hourly rates and provides for the award of attorney's fees in social security cases of up to 25% of the past due benefits obtained in litigation.

The Secretary first contends that plaintiff must first file a petition for attorney's fees with the agency, since the award of benefits to plaintiff was ultimately made at the administrative level rather than by this court. However, 42 U.S.C. § 406 contains two separate sections dealing with awards of fees. Subsection (a) of the statute authorizes the Secretary to award fees for services performed in connection with claims before the Secretary. In contrast, 42 U.S.C. § 406(b), on which plaintiff relies, authorizes a court which has rendered a judgment favorable to a claimant to award attorney's fees as part of that judgment. The agency is thus without jurisdiction to award fees for the representation of a plaintiff before the court, and the court is without jurisdiction to award fees for work done before the agency. *Ruzicka v. Heckler,* 562 F.Supp. 499, 500 (N.D.Ill.1983); *see also Berman v. Schweiker,* 713 F.2d 1290, 1293 (7th Cir.1983); *Haney, supra* at 13. Under the clear language of § 406(b)(1), this court has the discretion to award attorney's fees for the work performed before it. Plaintiff has asked for nothing more in his motion under § 406(b)(1).

The Secretary also argues that the time spent preparing and filing the motions for attorney's fees under the EAJA and under 42 U.S.C. § 406(b) should not be compensable, since such time was not spent directly on plaintiff's behalf with regard to his claim for benefits. Some courts have allowed compensation for the preparation of the petition, but at a somewhat lower rate. *See, e.g., Haney, supra* at 18.

Plaintiff originally requested $4,631.25, representing compensation for 37.05 hours of work at $125 per hour, which included compensation for 9.8 hours spent working on the fee petitions. Plaintiff subsequently amended his petition, requesting $2,778.75, again apparently for 37.05 hours of work but at the reduced rate of $75 per hour. The Secretary, however, represents that it would not object to a fee of $3,406.25, which would compensate plaintiff's counsel for 27.25 hours of work (representing the total hours claimed minus the time spent preparing the fee petitions) at the originally requested rate of $125 per hour. Since the Secretary has voluntarily agreed to a total fee in excess of that now sought by plaintiff, though less than that originally requested, this court need not address the question of whether, or at what rate, the hours spent preparing the fee petitions should be separately compensable. Since this court finds that the fee agreed to by the Secretary is a reasonable fee for the work performed before this court, the Secretary will be directed to award plaintiff's attorney $3,406.25 from the amount withheld from plaintiff's past due benefits.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's motion for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412 is denied.

(2) Plaintiff's motion for attorney's fees pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) is granted. The Secretary is directed to award to plaintiff's attorney $3,406.25 from the amount withheld from plaintiff's past due benefits. Judgment is entered for plaintiff in the amount of $3,406.25.

(3) This case is remanded to the Secretary for a determination of such additional fee amounts as may be payable in connection with proceedings before the Secretary.