Elizabeth McCARROLL, Plaintiff,

v.

Otis BOWEN, Defendants.

Civ. A. No. 83–4948.

United States District Court,
D. New Jersey.

June 16, 1987.

Lawrence E. Kazmierczak, Oakland, N.J., for plaintiff.

Samuel A. Alito, Jr., U.S. Atty. by Faith S. Steinberg, Sp. Asst. U.S. Atty., Newark, N.J., for defendants.

CLARKSON S. FISHER, Chief Judge.

This action was brought pursuant to Section 205(g) of the Social Security Act (Act), 42 U.S.C. § 405(g), to review a final determination of the Secretary of Health and Human Services (Secretary), in which the Secretary found that plaintiff's disability had ceased as of May 1983. The case was remanded to the Secretary on November 3, 1984, by this Court pursuant to Section 2 of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (Reform Act).

Upon reconsideration of plaintiff's claim by the Secretary pursuant to the provisions of the Reform Act, the Secretary determined that plaintiff's benefits had been erroneously discontinued, as she was still disabled as of December 1984. The final judgment in this case was a Consent Order to Dismiss dated October 5, 1985. Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). In support of this motion plaintiff has submitted an affidavit of attorney's fees.

Defendant has opposed this motion, asserting that plaintiff's application was untimely and that plaintiff was not a prevailing party in this action for EAJA purposes. For the reasons set forth below, plaintiff's motion must be denied. Further, as this Court finds that plaintiff was not a prevailing party for EAJA purposes, I will not address defendant's other assertion.

Section 2 of the Reform Act set forth new standards of review for the Secretary to follow when conducting the continuing disability review program which Congress had mandated in the Social Security Disability Amendments of 1980, 42 U.S.C.

§ 421. The new standard applies to "determination with respect to which a request for judicial review was pending on September 19, 1984 ..." § 2(d)(2)(D). This case falls within this category.

The EAJA provides that "a court shall award to a prevailing party other than the United States ... reasonable attorney's fees and expenses, in addition to costs, incurred by that party in any civil action ... brought against the United States...." 28 U.S.C. § 2412(d)(1)(A). Plaintiff cannot be characterized as a prevailing party, however, because the remand was required by the Reform Act, and not made pursuant to a court order.

This Circuit has held that a claimant who is awarded benefits on remand qualifies as a prevailing party when the court orders the remand and retains jurisdiction over the action. *Brown v. Secretary of Health and Human Services*, 747 F.2d 878 (3d Cir.1984). Section 2(d)(4) of the Reform Act provides that a "decision by the Secretary on a case remanded by a court pursuant to [Section 2 of the Reform Act] shall be regarded as a *new* decision on the individual's claim for benefits, which supersedes the final decision of the Secretary. The *new* decision shall be subject to further administrative review and to judicial review only in conformity with ... Section 205 of the Social Security Act...." (emphasis added)

It follows, then, that since the case was remanded pursuant to Section 2 of the Reform Act, the Secretary's decision represented a *new* decision, and this Court did not retain jurisdiction over this case following remand. As a result, plaintiff did not prevail in this Court and is therefore not a prevailing party as contemplated by EAJA. Inasmuch as plaintiff does not qualify as a prevailing party, plaintiff is precluded from obtaining an award of attorney's fees. Plaintiff's motion is accordingly denied.

An order has been entered in accordance with the original opinion.