**Frederick HALL, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. CV–84–0961.**

United States District Court, E.D. New York.

Aug. 10, 1987.

Binder and Binder by Charles E. Binder, Hauppauge, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. by Kiyo A. Matsumoto, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

### MEMORANDUM AND ORDER

ALTIMARI, Circuit Judge, Sitting by Designation.

The plaintiff, Frederick Hall, moves for attorney's fees in the amount of $2,926.88 under the Equal Access to Justice Act, 28 U.S.C. § 2412.

Plaintiff commenced an action under section 205(g) of the Social Security Act, as amended 42 U.S.C. § 405(g), to review a final determination of the defendant Secretary of Health and Human Services (the "Secretary"), denying plaintiff's application for a period of disability insurance benefits. On November 16, 1984, plaintiff's action was remanded by stipulation of the parties and order of the court to the defendant Secretary for review under the medical improvement standard as required by section 2 of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794–1799 (1984) (the "Reform Act").

The action was discontinued in May 1987 after a favorable administrative decision was issued on remand. Plaintiff filed the instant motion for attorney's fees on May 19, 1987.

This motion presents a novel question involving plaintiff's entitlement to fees following a remand pursuant to section 2 of the Reform Act.

## DISCUSSION

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, provides that: [e]xcept as otherwise specifically provided by statute, a court shall award to a *prevailing party* other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.*

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

Plaintiff contends that he is entitled to attorney's fees as the Secretary did not comply with case law existing at the time benefits were terminated, and thus that the Secretary's position was not substantially justified. In response, the Secretary argues that plaintiff was not a "prevailing party" within the meaning of the statute, and, in the alternative, argues that if plaintiff was a prevailing party, the position of the government was substantially justified.

This court has located several cases specifically addressing the question of whether a plaintiff whose action is remanded pursuant to section 2 of the Reform Act and whose benefits are reinstated on remand is a "prevailing party" under the EAJA: *Mathus v. Secretary of Health and Human Services,* 661 F.Supp. 241 (N.D.Ill. 1987); *McCarroll v. Secretary of Health and Human Services,* 661 F.Supp. 1163 (D.N.J.1987); *Sherman v. Bowen,* 647 F.Supp. 700 (D.Me.1986). *See also Stone v. Heckler,* 658 F.Supp. 670 (S.D.Ill.1987).

The district courts in *Mathus* and *McCarroll* denied plaintiffs' attorneys' fees under the EAJA; whereas the district court in *Sherman* found plaintiff to be a prevailing party and accordingly awarded attorney's fees.

In *Mathus,* the Northern District of Illinois focused in determining whether plaintiff was a prevailing party on the fact that "an amendment to the Social Security Act, and not the filing of the suit, ... led to the reinstatement of plaintiff's benefits." The court concluded that "[i]t would require an impermissible stretching of the imagination to conclude as plaintiff urges, that plaintiff's lawsuit was a significant catalyst, or causal factor, in bringing about the passage of the legislation which ultimately formed the basis of the award of benefits."

The District of New Jersey relied on the Third Circuit's opinion in *Brown v. Secretary of Health and Human Services,* 747 F.2d 878 (3d Cir.1984), which held that a claimant who is awarded benefits on remand qualifies as a prevailing party only when the court orders the remand and retains jurisdiction over the action. The court noted that section 2(d)(4) of the Reform Act provided that a decision made after a remand pursuant to section 2 would "be regarded as a new decision on the individual's claim for benefits, ... superced[ing] the final decision of the Secretary," and thus concluded that the district court had not retained jurisdiction as required under *Brown.*

The court in *Sherman* reached the opposite conclusion from *Mathus* and *McCarroll* based on its application of the tests for determining whether plaintiffs are prevailing parties for purposes of 42 U.S.C. § 1988 enunciated in *Coalition for Basic Human Needs v. King,* 691 F.2d 597 (1st Cir.1982). In *King,* the First Circuit found that plaintiffs "are to be considered 'prevailing parties' [(1)] if 'they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit,'" *Id.* at 599 (*quoting Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)), or (2) if the suit was a catalyst or "'necessary and important

factor' " in bringing about the award. *Id.,* (*quoting Nadeau,* 581 F.2d at 281). The district court in applying these tests found that although plaintiff could not be considered a prevailing party as defined in the first test since plaintiff had not "succeeded on the merits of any issue in the litigation," *Sherman,* 647 F.Supp. at 702, plaintiff was a prevailing party under the "catalyst" test.

In the circumstances of the present case the court is satisfied that the causal connection is a close one. Plaintiff brought the present action in order to challenge the Secretary's denial of benefits on the basis of an alleged misapplication of the "severity" test. Plaintiff's position in that regard was a correct one. Defendant did misapply the severity test. The fortuitous enactment of the Social Security Disability Benefits Reform Act merely afforded the Secretary an alternative basis upon which to determine that plaintiff was entitled to disability benefits. The fact of the matter is that plaintiff would have prevailed on his allegation that the Secretary misapplied the severity test. Therefore, the causal connection between plaintiff's suit and the Secretary's reversal of position, while cosmetically obscured, was very real indeed.

This Circuit in *McGill v. Secretary of Health and Human Services,* 712 F.2d 28 (2d Cir.1983), focused on the question of whether "a party ... has established his entitlement to some relief on the merits of his claims." 712 F.2d 28 (*quoting Hanrahan v. Hampton,* 446 U.S. 754, 756–57, 100 S.Ct. 1987, 1988–89, 64 L.Ed.2d 670 (1980) (per curiam)). The Second Circuit found that "[r]egardless of the wording of the complaint or the actual relief sought ... a social security claimant prevails when it is determined that she is entitled to benefits." *Id.* at 31–32. Accordingly, although plaintiff had obtained the relief requested in her complaint, a remand for the purpose of affording her the opportunity to present witnesses and additional medical records, plaintiff was denied attorney's fees as she would "not become a prevailing party unless and until she is awarded benefits." *Id.* at 32.

In *Gingras v. Lloyd,* 740 F.2d 210 (2d Cir.1984), the Second Circuit, in an application for fees and costs under 42 U.S.C. § 1988, referred to both the first and second tests enunciated in the First Circuit case, *King.* In *Gingras,* plaintiffs, patients at Laurel Heights Hospital, sought declaratory and injunctive relief against the State's announced closing of the hospital. The district court denied the relief requested but granted plaintiff's request for attorney's fees. The Second Circuit vacated and remanded for findings and a clarification as to why attorney's fees were granted. In the course of reaching this decision, the Court noted that

[t]he thread common to all of these interpretations of "prevailing" is that the plaintiff has achieved some vindication of his rights as a result of the lawsuit. If, however, the lawsuit results in no recognition, either by the court in a ruling or by the defendant in words or actions, that any right of the plaintiff has been violated or jeopardized by the defendants it is difficult to conclude that the plaintiff has prevailed. The mere fact that a plaintiff may be reassured as a result of his lawsuit would not make him a prevailing party. We see no indication that Congress intended that fees be awarded to a plaintiff whose complaint was dismissed and who obtained only benefits that the defendant plainly would have conferred even in the absence of a lawsuit.

*Id.* at 212–213 (*citing* S.Rep. No. 1011, 94th Cong., 2d Sess., *reprinted in* 1976 U.S. Code Cong. & Ad.News 5908).

Section 2 of the Reform Act provides that:

The amendments made by this section shall apply to—

(A) determinations made by the Secretary on or after the date of the enactment of this Act;

(B) determinations with respect to which a final decision of the Secretary has not yet been made as of the date of the enactment of this Act ...,

(C) determinations with respect to which a request for judicial review was pending on September 19, 1984, . . .,

(D) determination with respect to which a timely request for judicial review is or has been made . . . within 60 days prior to the date of the enactment of this Act.

Pub.L. No. 98–460, 98 Stat. at 1797 (1984). Under this provision of the Reform Act, plaintiff Hall was required to file an action in order to receive a re-evaluation on remand under the new medical improvement standard created by the Act. Accordingly, plaintiff filed this action, arguing in his Memorandum of Law filed November 6, 1984 (1) for a remand for an application of the Reform Act, as signed by President Reagan on October 9, 1984, and, (2) in the alternative, for the application of the Second Circuit medical improvement standard set forth in *DeLeon v. Secretary of Health and Human Services,* 734 F.2d 930 (2d Cir.1984). In *DeLeon,* the Second Circuit had established a standard more stringent than that which eventually was mandated under the Reform Act, stating that "having once established that a particular condition is disabling, a claimant is entitled to a *presumption* that as long as there is no change in the condition itself, or in the governing statutes or regulations, neither will the statutory classification of disability be changed." *Id.* at 937 (emphasis added). Thus, it can be said almost without cavil, that the Secretary was not substantially justified in taking the position it did under both the Reform Act and *DeLeon* and that plaintiff easily might have prevailed by relying on either of the two arguments alone. Furthermore, and more importantly, as noted above, plaintiff's suit was a statutory prerequisite to a remand and thus to any award. While this court recognizes that plaintiff's lawsuit was not a catalyst to the passage of the reform legislation as it was proposed at the time of the filing of the complaint, it was a necessary and important factor in bringing about the award. Accordingly, this court finds a causal connection between the filing of plaintiff's lawsuit and the reinstatement of benefits. On remand, the Secretary awarded benefits, and accordingly plaintiff can be said to have prevailed.

Attorney's fees in the amount of $2,926.88 (31.25 hours × $93.66) are hereby awarded. This award includes a cost of living increase which was calculated based on a comparison of the Consumer Price Index for October 1981, the effective date of the EAJA, and March 1987, the date of the latest consumer report. *See Trichilo v. HHS,* 823 F.2d 702 (2d Cir.1987).

SO ORDERED.