William HICKS, Plaintiff,

v.

Otis R. BOWEN, Secretary, Health and
Human Services, Defendant.

No. 85 C 6258.

United States District Court,
N.D. Illinois, E.D.

Oct. 25, 1988.

Frederick J. Daley, Frederick J. Daley Ltd., Chicago, Ill., for plaintiff.

Elizabeth Stein and John S. Brennan, Asst. U.S. Attys., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner William Hicks applied for disability insurance benefits and supplemental security income on March 27, 1984, alleging disability since November 1982 due to hypertension, asthma, influenza and a heart impairment. The Administrative Law Judge ("ALJ") initially denied the application on the ground that Hicks was not disabled under Title II §§ 216(i) and 223 of the Social Security Act ("Act"). The Appeals Council affirmed this decision on May 10, 1985.

On July 11, 1985, Hicks filed this action for judicial review of the Secretary's denial of his application. Both parties filed cross-motions for summary judgment with Magistrate W. Thomas Rosemond, Jr. On November 20, 1986, the Magistrate issued a Report and Recommendation suggesting that the court reverse and remand this case to the Secretary for further proceedings because the Secretary's decision was not supported by substantial evidence. The Secretary filed his objections to the Report. In response to these objections, the plaintiff took an intelligence test for the first time and submitted as evidence to the court his full-scale IQ of 64.

On March 9, 1987, we remanded to the Secretary for reconsideration of Hicks' disability application in light of the IQ test results. On remand, the Secretary found that Hicks had such severe asthma and mental retardation that he was disabled under Listing 12.05(C) (20 C.F.R. Part 404, Subpart P Appendix 1). The Secretary accordingly granted Hicks all of the benefits sought. Hicks now petitions the court for an award of attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the following reasons, the petition is granted.

## I.

Availability of Fees Under the EAJA

The EAJA provides that:

Except as otherwise specifically provided by statute, a court shall award a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The Seventh Circuit has interpreted the above provision to establish three prerequisites to an award of attorney's fees: (1) the plaintiff must be a prevailing party; (2) the position of the Government must not have been substantially justified; and (3) the plaintiff's case must not involve special circumstances that would make an award unjust. *Hendricks v. Bowen*, 847 F.2d 1255, 1257 (7th Cir. 1988).

## A. Was Hicks a Prevailing Party Within the Meaning of the EAJA?

In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the United States Supreme Court held that a plaintiff is a "prevailing party" for purposes of certain fee-shifting statutes [1] if he succeeds on any significant claim in his lawsuit and "achieves some of the benefit the [party] sought in bringing suit." *Id.* at 433, 103 S.Ct. at 1939, *quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1979). The Court emphasized that the cause of action or legal grounds asserted throughout the litigation is not dispositive. In short, "[t]he result is what matters." *Id.* 461 U.S. at 435, 103 S.Ct. at 1940. The Seventh Circuit has adopted a causal-link approach to identify the "prevailing party" in an action. To be considered a prevailing party under the EAJA, the plaintiff's lawsuit must be causally linked to the achievement of the relief ultimately obtained. *Hendricks*, 847 F.2d at 1258.

The Secretary contends that Hicks is not a prevailing party because the award of benefits was based solely on the newly-submitted IQ test evidence, and Hicks' lawsuit did not in any sense cause his receipt of benefits. However, under *Hensley*, Hicks is a prevailing party since he won a significant claim in his lawsuit. The new evidence merely changed the legal grounds upon which Hicks ultimately prevailed. Hicks' posture here is similar to that of the plaintiff in *Butler v. Heckler*, 639 F.Supp. 14 (E.D.N.C.1985), who the court found to be a prevailing party despite the fact that her award of benefits on remand to an ALJ was based on new evidence.

Hicks is also a prevailing party under the Seventh Circuit's causal-link approach since he recovered benefits in some part as a result of his lawsuit. In our order of March 9, 1987, we stated clearly that Hicks may be disabled under Listing 12.05(C) which provides for disability benefits if an applicant has an

IQ of 60 to 69 inclusive (see 12.00B4) *and* a physical or mental impairment imposing additional and significant work-related limitation of function. (Emphasis added).

Hicks' test results indicated an IQ of 64. Accordingly, we remanded to the Secretary for a determination of whether Hicks' bronchial asthma was sufficiently severe to establish disability under Listing 12.05(C). On remand, the ALJ found that Hicks' asthma and mental retardation were so severe that he was disabled within the meaning of Listing 12.05(C). The extent of Hicks' asthma was a disputed issue in Hicks' original lawsuit. With this procedural history, it can hardly be said that Hicks' lawsuit was not in any sense causally linked to the relief obtained.

In order to support his position on the prevailing party issue, the Secretary draws primarily on the authority of *Mathus v. Heckler*, 661 F.Supp. 241 (N.D.Ill.1987); *Krause v. Heckler*, No. 84 C 3322 (N.D.Ill. Jan. 9, 1987); and *Swedberg v. Bowen*, 804 F.2d 432 (8th Cir.1986). None of these cases are applicable here. In *Mathus* and *Krause*, the plaintiffs were held not to be prevailing parties because they won relief solely as a result of new enactments by Congress while their cases were pending in the district court. In *Swedberg*, the plaintiff was denied prevailing party status because his relief was the result of the intervening act of his sixtieth birthday that occurred after the plaintiff had appealed the Secretary's decision to the courts. Here, the discovery and introduction of new evidence occurred as the result not of fortuitous intervening events but of Hicks' vigorous efforts in pursuit of a favorable outcome in this litigation.

## B. Was the Government's Position Substantially Justified?

The Supreme Court recently affirmed that under the EAJA, the test of whether the government's position was substantially justified *may* be reduced to a determina-

---

**1.** *Hensley* addressed fee awards under the § 1988 of the Civil Rights Act. The standards there apply to fee awards under the EAJA. *Ma-*

*thus v. Heckler*, 661 F.Supp. 241, 242 (N.D.Ill. 1987).

tion of whether that position was reasonable in law and fact. *Pierce v. Underwood,* —— U.S. ——, 108 S.Ct. 2541, 2550–51, 101 L.Ed.2d 490 (1988). The burden is on the government to establish that its position meets this test and thereby precludes an award of attorney's fees under the EAJA. *Ferrell v. Pierce,* 743 F.2d 454, 466 (7th Cir.1984).

■ The Secretary, instead of attempting to prove that his position was substantially justified, argues that his position was reasonable in law and fact because the court never considered that position on the merits. In *Martin v. Heckler,* 754 F.2d 1262, 1265 (5th Cir.1985), the court held that "the Secretary has not attempted to offer substantial justification and her conclusory assertion of substantial justification does not discharge her statutory burden." The Secretary's approach is similar in the instant cause.

■ Further, in our March 9, 1987 order, we noted that the ALJ's conclusion that Hicks "could probably do bench assembly of small parts" was a speculative conclusion without any supporting testimony as to what type of bench assembly jobs Hicks could be expected to do. "Defending a record which obviously lacks the evidence and ALJ articulation of reasoning necessary for informed judicial review ordinarily is not reasonable and so not substantially justified." *Williams v. Bowen,* No. 85 C 2653 slip op. at 6 (N.D.Ill. May 5, 1987) [1987 WL 10559] (Moran, J.).[2] Accordingly, even had the Secretary attempted to meet its burden to demonstrate how its position was substantially justified, he would have been unsuccessful.

C. Are There Special Circumstances Which Would Make an Award of Fees Unjust?

■ The Secretary contends that Hicks' discovery of the new evidence creates a "special circumstance" because the government never had a chance to consider the new evidence before remand to the ALJ. The Secretary relies primarily on District Judge James B. Moran's decision in *Williams v. Bowen.* Judge Moran found special circumstances there not because the Secretary could not consider new evidence prior to remand but because the plaintiff refused to accept the Secretary's offer to remand to consider that evidence. Thus, "all litigation in this court after the motion to remand was attributable to plaintiff's position, not the government's." *Id.* slip op. at 9. Here, on the other hand, the Secretary opposed remand despite the new evidence.

For all these reasons, an award of fees is not unjust.

## II.

### Amount of the Award

A. Hourly Rate for Attorney's Fees

■ 28 U.S.C. § 2412(d)(2)(A) provides that attorney's fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living justifies a higher fee. Hicks seeks reimbursement for fees at a rate of $90 per hour, based on the increased cost of living by reference to the Consumer Price Index.

The Secretary opposes fees above $75 per hour, contending that a rise in the cost of living does not automatically justify an award of a higher fee, and Hicks has not shown that a higher fee is necessary to assure the availability of legal services to those unable to afford them. We have continuously recognized the need for an increase in the $75 per hour fee rate, and the Seventh Circuit has acknowledged our authority to consider cost of living increases to enhance the fee rate. *Continental Web Press, Inc. v. NLRB,* 767 F.2d 321,

---

**2.** *See also Wegener v. Heckler,* No. 82 C 6973 (N.D.Ill. Oct. 16, 1985) (finding the Secretary's position not substantially justified because she failed to make the requisite finding at the administrative level that there was sufficient evidence that the plaintiff had improved to the point of being able to engage in substantial gainful activity); *Martin v. Heckler,* 754 F.2d 1262, 1263–64 (5th Cir.1985) (reversing the Secretary's denial of plaintiff's application in part because there was no evidence to support the Secretary's implicit conclusion that the plaintiff could perform sedentary work).

323–34 (7th Cir.1985); *Ford v. Bowen,* 663 F.Supp. 220 (N.D.Ill.1987). In *Tepper v. Bowen,* 687 F.Supp. 428 (N.D.Ill.1988), we approved an hourly rate of $91 based on a 21.5% increase in the Consumer Price Index from 279.9 in October 1981 to 340.1 in June 1987. Accordingly, Hicks' request of a $90 per hour fee rate is supported.

### B. Number of Hours for Which Fees are Available

In his motion for fees, Hicks listed 58.25 hours of work by his attorney. The Secretary does not challenge the reasonableness of any of this time spent in this litigation. Hicks requests additional attorney's fees for the time spent defending his motion for EAJA fees, contending that the government was not substantially justified in opposing his motion for an award under the EAJA. We disagree. The Secretary's contentions that Hicks was not a prevailing party and that an award would be unjust under these circumstances were unsuccessful but not unreasonable. The standards on these issues are, in the absence of clear statutory guidance, uncertain and still in flux. Specifically, the Seventh Circuit has yet to decide whether a plaintiff who receives benefits after a remand based on new evidence should be awarded fees under the EAJA.

### Conclusion

Hicks' petition under the EAJA is granted in the amount of $5,425.70 ($5,242.50 in fees and $183.20 in expenses). It is so ordered.